## Hughes *and* Robinson *v.* Holliday.

Where a deed purports to have been made by virtue of a power of Attorney, it is incumbent on the party offering it in evidence, to produce the authority upon which the deed was executed.

In an action of right, where the plaintiff proved himself entitled to only two-thirds of a lot, the verdict should correspond with the evidence, and not be general for the plaintiff. Rev. Stat. 530 ; § 33-4.

A person owning an undivided interest in land may recover to the extent of his interest in an action of right.

Hughes v. Holliday.

Where the evidence shows that the plaintiff held title to only two-thirds of a lot, the court should, when requested, instruct the jury that he could only recover to the extent of his proof.

ERROR *to Lee District Court.*

*Opinion by* KINNEY, J. Action of right commenced by Holliday against Hughes and Robinson, to recover possession of lot six, in block fourteen, in the city of Keokuk.

The declaration contains but one count and claims the lot in fee. Defendants pleaded the general issue. A trial was had and a verdict returned in favor of the plaintiff.

From the bill of exceptions, taken from the defendant below, it appears that the plaintiff, in order to establish his title, offered in evidence a deed from Le Claire—who drew under the decree in partition—to Robert A. Clark, William A. Clark and John C. Ainsworth, conveying the lot in question, and also a deed to him from said William A. Clark and John C. Ainsworth, executed by them from said Robert A. Clark by William A. Clark, his attorney, dated December 4, 1846, without producing or showing any power or letters of attorney from said Robert A. Clark to William A. Clark. The defendant objected to the introduction of the deed of Robert A. Clark without evidence that W. A. Clark had the power to make said deed, but the court overruled the objection and admitted the deed, to which the defendant excepted.

The defendant then asked the court to instruct the jury that the plaintiff having declared for the whole lot, but only having shown himself entitled to two-thirds, that he could not recover. Also that the plaintiff having shown title in himself to two-thirds, can only recover to the extent of his proof, both of which the court refused, and instructed the jury that the plaintiff could recover the whole lot against the defendant, who had not shown any title.

The jury returned a verdict under these instructions that the right of possession and right of property to the lot, were

in the plaintiff. By the judgment of the court the immediate possession in fee simple was given to him.

. That the court erred in admitting the deed from Robert A. Clark to the plaintiff, without proof of the power of attorney from him to William A. Clark to make it, is not seriously controverted by counsel for defendant in error. There was no evidence that such power ever existed. The deed purported to have been made by virtue of a power of attorney, and it was incumbent upon the party offering it, to produce the authority by which the deed was made, in order to lay the foundation for the introduction of it as evidence. This was necessary also, so that the court might judge whether the power was sufficient in form and substance to authorize the attorney to perform the act. If the letters of the attorney did not possess the necessary requisites to enable Clark to make the conveyance, or if it had appeared that they were defective, for want of the usual acknowledgment, or if from them it had appeared that the power delegated had not been strictly pursued, the deed could not be admitted ; and this could only be ascertained by an exhibit of the letters of attorney, or a copy from the records. Rev. Stat. 209, § 32-3. Also, 1 Mc Lane, p. 2 ; 1 Wend. 431; 2 Hill's abridg. 267, § 21.

But this point is not urged by the defendant in error. It is claimed however that he had a right to recover the entire lot, although he proved title in himself to only two-thirds. That as the defendant below had no title, the plaintiff could recover as against him the whole. This position has been insisted upon with much ability, and many authorities have been cited in support of it, but we think the decision of the question presented, depends mainly upon a construction of the statute. Rev. Stat. 530, § 33, provides, " if the verdict be for a part of the property claimed, it should specify particularly what part, if for an undivided share or interest in the whole property claimed, or in any part thereof it shall specify what share." The plaintiff below proved an inter-

Hughes *v.* Holliday.

est to an undivided two-thirds of the lot, and by this section he is allowed to recover such interest. The legislature have given a remedy for just such a case as is here presented. The verdict should always correspond with the evidence. There was no uncertainty about the evidence introduced by the plaintiff. He showed a perfect title, to an undivided two-thirds, and if the court had instructed, that the plaintiff could only recover to the extent of his proof, the verdict would have been for the quantity to which the plaintiff showed title.

But it may be said that the verdict must follow the declaration as provided in the following section. Not however, we would remark, unless the evidence corresponds with the declaration. If the party declares for more than he can prove himself entitled to recover, he can only recover to the extent of his proof: "When the verdict follows the declaration, it may be general for the plaintiff, and judgment shall be rendered according to the verdict." Rev. Stat. § 34. This can only be done when the verdict is authorized by the proof. The judgment it is true must follow the verdict, but it is equally true that the verdict must correspond with the evidence. If this were not so, a party would be permitted to supply with allegations in his declaration what he would lack in testimony. It is no justification then for the verdict that the plaintiff declared for the whole lot. He was only entitled to a verdict to the extent of his testimony. Rev. Stat. § 45 provides that " the plaintiff can only recover upon the strength and validity of his own title." By permitting him to recover the entire lot, he necessarily recovers upon the validity of the title of his co-tenant to one-third. The evidence showed that Robert A. Clark owned an undivided interest of one-third. But it is said that the interest of the plaintiff attaches to each and every foot of the entire lot. This is true, but that does not give him title to the whole. Clark's interest attaches in the same way, and in this respect is equal to the plaintiff's and yet he really owned

but one-third. If the plaintiff owned an undivided one-hundredth part of an interest in the lot, that interest, so long as it remained undivided, would attach to the lot as an entirety. But in an action of right he could not recover the entire fee simple title to the lot. His title would be good to the extent of his interest, but such interest would not justify a recovery of the fee to the ninety-nine interests owned by his co-tenants. The analogy, in principle, is the same where the interest is greater. The statute clearly contemplates the right of the plaintiff to recover an undivided share or interest; for the 14 § provides, that if "an undivided share or interest is claimed, the same shall be set forth in the declaration." Why these provisions in relation to an undivided interest, if the legislature did not intend to give a remedy to persons holding such interests? Why permit a person to declare for an undivided part, if he could not recover a verdict for such part? And why require a judgment in all such cases to follow the verdict, if it were not the object to give the plaintiff the benefit of the verdict, for the interest he had shown himself entitled to by his proof?

The statute having prescribed the manner of bringing suit, in case of an undivided interest, does it not follow as a necessary corrolary that a person with such interest cannot recover the fee to the whole? It appears to have been the intention of the legislature to provide a remedy, and that remedy is not a recovery of the fee to the entire tract or lot, but a recovery of the interest to the extent owned.

But it may be asked how is the plaintiff to be put in possession, unless he recovers the whole? The legislature certainly has not provided a remedy, without having also provided that the party entitled to it shall have the enjoyment of it. If this instruction of the court had been correct, the verdict would have been in favor of the plaintiff for an undivided two-thirds of the lot. Judgment would have been rendered in pursuance of the verdict, and the plaintiff would have been entitled to a writ of possession, for an undivided

Hughes *v.* Holliday.

two-thirds. This interest as we have said attaches to the whole. As against a stranger, he would have the right to the entire possession. Without such possession, he could not enjoy the interest which he owned or the benefit of the judgment obtained. The sheriff could not designate by metes and bounds, neither could any one, an undivided two-thirds. The plaintiff would be as much entitled to one part of the lot as another, and if a stranger occupied a single foot of it, he would be in possession of a part covered by the interest, owned by the plaintiff, and to which possession was given him by the judgment of the court. Unless the plain-tiff could be put in possession of the whole, the statute in relation to the recovery of undivided interests would be a mockery. For it would assert the right of the party to recover a verdict to the extent of the interest proved, and would require the court to render judgment in pursuance of the verdict, but that judgment could not be executed. It would not be in the power of the sheriff to locate an undivided two-thirds; and because this could not be done unless the officer could give entire possession as against a stranger, the trial verdict, and judgment would all have been for no purpose. The sheriff would find, for the first time, that the judgment of the court possessed no vitality, and that the aim of the officer in executing his writ was entirely powerless. We do not think that the statute opens the door for the recovery of a judgment, and at the same time closes it against a recovery of possession. The writ of possession must follow, and execute the judgment. If an undivided interest is recovered, the plaintiff must be put in possession of that interest, and as it attaches to the lot as an entirety, he must be put in possession of the entire lot, otherwise the judgment is not executed. This possession he holds in his own right, and subject to the rights of his co-tenant. This view of the statute is in perfect harmony with the 2 §, which provides that " no person shall recover in this action, unless at the time of commencing it, he shall have had a valid and

subsisting interest in the property claimed, and the right to recover the immediate possession thereof." The plaintiff in this case had a valid subsisting interest in the entire lot, and with such interest had a right to bring his action, and recover.

We conclude then, in the first place, that a person with an undivided interest, may bring an action of right, and recover a verdict and judgment. Second, that with such interest, he does not recover a verdict and judgment for the fee simple of the entire estate, nor for the possession thereof, but merely for the interest proved, and that possession is a necessary incident to, or result of the verdict and judgment, and must be held subject to the rights of his co-tenant. Third, that the court erred by not giving the instruction to the jury, asked by the defendant below that "the plaintiff only having shown title in himself to two-thirds of the lot, could only recover to the extent of his proof." Fourth, by permitting the deed from Robert A. Clark to be introduced without evidence of the power of attorney authorizing William A. Clark to execute the conveyance from Robert A. Clark. Fifth, by not granting a new trial as the verdict of the jury found the right of property to the entire lot in the plaintiff, and for entering up a judgment in his favor, establishing in him the fee simple title.

Judgment reversed.

*George C. Dixon*, for plaintiffs in error.

*Johnston* and *Mathews*, for defendant.