## JOHN K. CHAPLIN *versus* JAMES S. BARKER.

In ejectment, the general issue alone admits the defendant to be in possession of the premises described in the declaration.

In such case, the plaintiff must recover, if at all, upon the strength of his own title, and not upon the weakness of that of the defendant.

Matter in the nature of a disclaimer must be filed within the time allowed for pleas in abatement.

Under the general issue, the defendant may rest upon his possession until the plaintiff has shown some right to disturb it.

The defendant may rebut the plaintiff's proof of seizin by any legal evidence.

Where the plaintiff's seizin depended upon a sheriff's sale of the defendant's right in equity to redeem the premises from a mortgage, consisting of a warranty deed with a bond of defeazance back; — *Held*, that it was competent for the defendant to prove assignment of said bond prior to the plaintiff's attachment, together with the consideration of said assignment.

ON REPORT from *Nisi Prius*, KENT, J., presiding. The facts sufficiently appear in the opinion.

*S. M. Harmon* and *N. S. & F. J. Littlefield*, for plaintiff.

*H. P. Deane*, for defendant.

BARROWS, J. — The plaintiff brings his action of ejectment for the recovery of a parcel of real estate which he alleges is in the actual possession and occupation of the defendant as his homestead. The defendant, *in his specifications*, denies that the plaintiff was ever seized of the premises as alleged, and asserts that long before the plaintiff's original attachment he had sold and assigned all his own right, title and interest in and to them. Then he pleads the general issue, which is joined, and, by way of brief statement, he further says that neither now has he, nor when this action was commenced, nor at any time during any of the proceedings or suits of said demandant against him, did he have "any title or interest in said demanded premises, and that all the right, title and interest that he once had in said premises he conveyed to William Bickford, long before the commencement of any action against him by the de-

mandant, and that said Bickford is now, and for a long time prior to the commencement of this action has been, seized in fee and possessed of said premises, as said demandant well knows."

This anomalous and apparently contradictory set of pleadings seems to have blinded the plaintiff to the burden which the general issue, (which is well pleaded,) imposes upon *him*. He must recover, if at all, on the strength of his own title, and not upon the weakness of that of the tenant, and must show that he has the legal interest and a possessory title. The naked plea of the general issue admits the tenant to be in possession of the premises described in the declaration. The brief statement here is utterly nugatory *as a disclaimer*, not having been seasonably filed. It is inconsistent with the general issue, and the matter it contains, in order to be available *as special matter of defence*, must, if not pleaded in abatement, be filed in the form of a brief statement within the time allowed for pleas in abatement, unless the time is enlarged by the Court. R. S., c. 104, § 6.

But, under the general issue, the tenant may rest upon his possession until the plaintiff has shown some right to disturb it, and may put in such evidence to rebut the proofs adduced by the plaintiff as is found admissible under the specifications he has filed. To show his right and title to the premises demanded here, the plaintiff introduces an office copy of a warranty deed thereof from the tenant to Nathaniel Pease, dated August 13, 1859, duly acknowledged and recorded August 15, 1859; also a bond of the same date, *not recorded*, from Pease to the tenant conditioned for the re-conveyance of the premises on payment of a note therein described; also a writ, record, execution and officer's return thereon, &c., himself against the tenant, showing an attachment of defendant's right to real estate in Cumberland county, January 7, 1862, filed in the Registry, according to law, January 9; a judgment for plaintiff, rendered February 2; a seizure on execution, March 7, of all defendant's right in demanded premises, and a sale of the

same after due proceedings had, April 10, by the officer to the plaintiff, and a deed thereof in due form of law, and duly recorded, in pursuance of the sale. Russell Lamson testified that he was a deputy sheriff, and made the sale and executed the deed to the plaintiff, and, on cross-examination, that *Bickford* was present at the sale and claimed the property as *his*.

If this were all, the plaintiff would be entitled to judgment, for, although the tenant had no record title to the premises when the plaintiff made his attachment, yet, for aught that appears thus far, he was the owner of an equity of redemption which may have passed by the seizure and sale on execution to the plaintiff, thus giving him a better right than a naked possession. But, on the back of the bond from Pease to the tenant, which was introduced by the plaintiff, appears an assignment under seal from the tenant to Bickford, bearing date *before the plaintiff's attachment*. The defendant offers this assignment, with evidence which proves, unless it is discredited, that the assignment was actually made when it bears date, for a full and valuable consideration paid by Bickford to the tenant; that Bickford took possession forthwith, and subsequently paid the note to Pease, and took a deed of quitclaim from Pease to himself and surrendered the bond to Pease; and that, since the execution of the assignment aforesaid, tenant has been there only as *his* tenant, paying rent. Plaintiff does not attempt to discredit this testimony, or in any manner to control it, but takes the ground that it is not admissible under the pleadings and specifications. *To defeat the plaintiff's action*, if he succeeded in showing a title to the premises, *upon the ground of non-tenure*, it is *not* admissible; but to show that nothing passed to the plaintiff by virtue of the sale on execution, and the sheriff's deed upon which he relies, it *is* admissible under the specifications of defence and *the general issue*. It is competent for the purpose of disproving the plaintiff's allegation of seizin. It is but doing what the tenants were allowed to do, in *Stanley* v. *Perley*, 5 Greenl.,

369, under the general issue, in days of more rigid technicality in matters of pleading than the present.

An officer's deed of a debtor's supposed right of redemption gives neither title nor seizin to the purchaser, where it appears that no such right existed in the debtor, either on the record or in fact. It is true, that were the seizin of the demandant once established, the tenant here would be precluded from setting up Bickford's title, by his laches in not seasonably putting in a plea of special non-tenure. Pease's title, though confessedly superior to any that the demandant could have acquired by virtue of his attachment and sale of the equity, could not, *under these pleadings*, have precluded the plaintiff from having judgment *in this action against the present defendant*, if he had maintained his allegation of seizin. But the officer's deed purported to convey nothing but such right of redemption as Barker had at the date of the attachment on the original writ, and it turns out that he had *none* at that date, either real or apparent upon record.

The foundation of the demandant's title fails altogether. It is not because the tenant has a *better title*, but because the demandant has *none at all*, that he must fail. It was competent for the demandant, at the trial, if he had seen fit, or supposed that he could do so successfully, to contest the validity of the assignment to Bickford, and, if he could have shown that it was fraudulent and void as against creditors, his purchase of a valid subsisting equity in his debtor would have entitled him to judgment here. He declines that contest. The proof of title which he adduced must be considered as rebutted, and there must be

*Judgment for the tenant.*

APPLETON, C. J., KENT, WALTON and DANFORTH, JJ., concurred.