JOSEPH A. COFFIN *vs.* WILLIAM FREEMAN.

Washington. Opinion May 30, 1890.

*Real action. Pleadings. General issue. Practice.*

In a real action, the plea of general issue admits the defendant to be in possession of all the land not specially disclaimed.

In such case, the plaintiff must recover, if at all, upon the strength of his own title, and not upon the weakness of that of the defendant.

Under the general issue, the defendant may rest upon his possession until the plaintiff has shown some right to disturb it.

ON REPORT.

The case is stated in the opinion.

*George Walker and Charles Peabody*, for plaintiff.

*William Freeman*, for defendant.

VIRGIN, J. Writ of entry brought to recover possession of township No. 18, middle division, in Washington county. The defendant pleaded the general issue and disclaimed all of the demanded premises except a certain parcel of fifty acres described by metes and bounds.

When the plaintiff had introduced in evidence his chain of paper title, he inconsiderately stopped; whereupon the defendant submitted the case upon plaintiff's evidence alone, and the case was withdrawn from the jury and reported to the law court.

The plea admits the defendant to be in possession of all the demanded premises not disclaimed (*Perkins* v. *Raitt*, 43 Maine, 280) on which he may safely rest until the plaintiff shall show a right to disturb it. *Wyman* v. *Brown*, 50 Maine, 139; *Tebbetts* v. *Estes*, 52 Maine, 566; *Chaplin* v. *Barker*, 53 Maine, 275.

The plaintiff introduced a quitclaim deed, dated September 1, 1869, wherein George Harris and eighteen other joint grantors named, release to one Otis S. Tibbetts, "all their right, title and interest in and to" various kinds of real property, and large tracts of land and among them "township numbered eighteen, middle division, containing 21,400 acres more or less, the same conveyed by" four several grantors named, with the dates and places of record of the respective deeds specified, "with all such reservations and exceptions as are expressed in said deeds of conveyance," the premises of the deed concluding as follows: "Meaning herein and hereby, to convey to the said Tibbetts, the same title and no more which is conveyed by the several deeds above referred to, that is to say, we the said grantors hereby release

and quitclaim unto the said Tibbetts, all and singular the right, title and interest which was conveyed to us, the said grantors or either of us, by the above described deeds of conveyance, with the exceptions and reservations therein contained."

None of the deeds referred to were introduced and they do not appear in the report. If introduced they might appear to be deeds of warranty and thus *prima facie* pass the title to one under whom the plaintiff derives title ; and also furnish the essential information whether or not the fifty acres in controversy were among the "reservations and exceptions" expressed in said deeds. Until those facts appear, we fail to perceive how the plaintiff can sustain the burden of showing that he has the better title.

There is no necessity of examining the thirty-five objections raised by the defendant to the plaintiff's title. We think the proper entry, therefore, is

*Plaintiff nonsuit.*

PETERS, C. J., WALTON, LIBBEY, EMERY, FOSTER and HASKELL, JJ., concurred.