## SARAH J. DAY *vs.* HORACE PHILBROOK.

### Cumberland.    Opinion January 18, 1897.

*Real Action.   Lost Deed.   Adverse Possession.   R. S., c. 104, § 10.*

In a real action the plaintiff must recover, if at all, upon the strength of his own title. When he attempts to do so by proving a lost deed under which he claims title, *held;* that in such cases the law is very strict.

Titles to real estate pass by deed, and when such deed has not been recorded and cannot be produced and no copy of it is in evidence, the testimony of witnesses as to the existence of such deed and of its contents must be so clear and convincing as to almost preclude the possibility of mistake.

It would be dangerous to allow record titles to be destroyed by the testimony of witnesses, unless the testimony be very clear and explicit; and in this case *held;* that the testimony is not of that character.

When the existence of a lost deed has already been considered by the court in another case between the same parties, and while that case was disposed of by nonsuit and decided nothing but that action, *held;* that it is proper to refer to the opinion of the court in the former case, as bearing upon this case; and the court concludes, as it did in the former case, that the existence of such a deed as claimed in this case, is not satisfactorily shown; nor is such conduct shown on the part of defendant as to raise an equitable estoppel upon him to deny its existence.

Plaintiff claimed title by twenty years' adverse possession of the land that he sought to recover in this action; but, during such twenty years, the plaintiff had brought suit against the defendant to recover the same land and in that action he alleged that the defendant had disseized him and held him out of possession of the land. *Held;* that such disseizin and possession by the defendant would interrupt the plaintiff's continued possession. He cannot acquire title by adverse possession while he has been disseized by the true owner of the land; and this fact he has admitted by his former writ.

See *Day* v. *Philbrook*, 85 Maine, 90.

#### ON REPORT.

This was a real action brought to recover a certain lot or parcel of land situate in Brunswick, Cumberland County, bounded and described as follows:—beginning on the easterly side of the road leading from Brown's Corner to Freeport, at the corner of the Philbrook road so-called; thence south thirty-two and one-half degrees east, seventy-one rods and ten links by said road to the land of Horace Philbrook; thence south forty-five degrees west

thirty-seven rods by said Philbrook's land to stake and stones; thence north forty-five degrees west seventy-one rods by land sold to James Cox by Thomas Coombs to the above mentioned road; thence northeasterly by said road fifty-three rods to the first mentioned bounds.

The plaintiff deraigned her title, as follows:—

Thomas Coombs, the original proprietor, conveyed by warranty deed to Henry V. Rowell, July 10, 1867, the demanded premises, together with other land, taking a mortgage back;—said Rowell quitclaimed to Horace Philbrook, the defendant, the demanded premises, July 6, 1868. Then she offered evidence to prove that Horace Philbrook conveyed the equity of redemption by quitclaim to Coombs, the mortgagee, and that the deed had never been recorded and was lost. Said Coombs conveyed to Silas F. Brown, November 9, 1869;—Silas F. Brown conveyed to Charles E. Coburn, May 18, 1881;—and Charles E. Coburn conveyed to the plaintiff May 27, 1882. She did not offer any specific evidence of the execution of this lost deed, or of its contents. The plaintiff further claimed that Philbrook conveyed this parcel to Coombs prior to the time that Coombs conveyed it to Brown, and relied upon the evidence drawn from Philbrook's admissions and conduct for proof of the fact. These admissions, as the plaintiff contended, were made by Philbrook, about 1880, when, searching for a deed, he went to the widow of Thomas Coombs and talked with her, and her son, in the presence of other persons. The conduct of Philbrook, relied on by the plaintiff as disproving his ownership, was that the defendant, from 1869 to 1892, did not enter upon the land, make any claim to it, pay taxes on it, or perform acts of ownership upon it; also, that on the same day, November 9, 1869, when Coombs conveyed to Brown, he conveyed another parcel, being a portion of the adjoining premises, to James H. Cox which was surveyed by a surveyor in the presence of Philbrook who knew the sale was made, saw it chained off, but made no objection. The plaintiff also claimed title to the demanded premises by adverse possession.

The defendant in reply contended that the question presented by the plaintiff has been fully settled and determined by this court in the former suit between the same parties, relating to the same premises, and reported in 85 Maine, 90. The following is the description of the premises demanded in that action:— "A parcel of land situated in said Brunswick, and bounded on the west by the public highway leading from Brown's Corner to Freeport; on the south by land of James Henry Cox; on the east by land of Horace Philbrook; and on the north by a straight line extending from said highway to said land of the defendant and parallel with and three rods distant northerly from a straight line drawn on the site of an old farm fence, the post holes of which remain in several stones now remaining at different points along the way."

The defendant further contended that, although he was present on November 9, 1869, during the survey of the parcel sold to James H. Cox by Coombs, yet the evidence proved that nothing was said in his presence as to the purpose of the survey; and that he was there to object to what was going on, so far as he understood it, and his old age and blindness enabled him to appreciate it.

Other facts are stated in the opinion.

*A. R. Savage and H. W. Oakes*, for plaintiff.

A judgment of nonsuit is no bar unless it settled the merits. *Jay* v. *Carthage*, 48 Maine, 359; *Lord* v. *Chadbourne*, 42 Maine, 443. It is only when the point in issue has been determined that the judgment is a bar. I Greenl. Ev., § 530, cited in *Lord* v. *Chadbourne*, supra. If the real merits of the action are not decided in the first action, the prior judgment is no bar.

Herman on Estoppel and Res Adjudicata, p. 236, and cases cited. Parol evidence is admissible to show what points were really in controversy under a general plea. *Merritt* v. *Morse*, 108 Mass. 270; *White* v. *Chase*, 128 Mass. 158; *Rogers* v. *Libbey*, 35 Maine, 200; *Dunlap* v. *Glidden*, 34 Maine, 517. Herman, supra, pp. 111–112.

The burden is upon the defendant, setting up the prior judgment, to show that the precise point in issue here was raised and

determined there.    *Young* v. *Pritchard*, 75 Maine, 513; *Smith* v. *Brunswick*, 80 Maine, 189.

The court will refer to its former decisions to point out just what was and what was not decided in that case.    *Campbell* v. *Knights*, 26 Maine, 224; *Camden* v. *Belgrade*, 78 Maine, 204; *Cary* v. *Whitney*, 50 Maine, 322; *Call* v. *Houdlette*, 73 Maine, 293; *Call* v. *Foster*, 52 Maine, 257; *Andrews* v. *Marshall*, 48 Maine, 26.

The court say in *Day* v. *Philbrook*, 85 Maine, 90:—"This is a real action to recover seizin of a narrow strip of land one and a half rods wide, over which a town road had been laid out and afterward discontinued."

The court merely refrained from rendering judgment for plaintiff. It did not decide that Coombs owned the land. Nonsuit on agreed statement of facts held not a bar to subsequent suit. *Homer* v. *Brown*, 16 How. 354.

Nonsuit on the merits, in assumpsit, held not a bar in case. *Bridge* v. *Sumner*, 1 Pick. 370. So in writ of entry. *Wade* v. *Howard*, 8 Pick. 353.

Judgment on nonsuit before verdict is no bar to another action for the same cause. *Morgan* v. *Bliss*, 2 Mass. 111.

If the plaintiff be nonsuit for want of proof, or because his allegata and probata do not agree, or for any other cause, he may commence another action. *Wilbur* v. *Gilmore*, 21 Pick. 250. Where judgment was for defendant in replevin, because no demand had been made before suit, it was not a bar to a second suit, commenced after demand. *Roberts* v. *Norris*, 8 C. L. J., 39, cited in Herman on Estoppel, p. 240. See also *Bank* v. *Lewis*, 8 Pick. 113.

Judgment of nonsuit no bar, though there had been an agreement to abide result in another suit, which had terminated adversely to the plaintiff in that suit. *Ensign* v. *Bartholomew*, 1 Met. 274.

A nonsuit is "but like blowing out of a candle, which a man at his own pleasure lights again." Quoted in *Clapp* v. *Thomas*, 5 Allen, 158.

Demandant having failed because his grantor was disseized at time of deed to him was not barred in second suit, having fortified his title in that respect. *Perkins* v. *Parker*, 10 Allen, 22; *Pendergrass* v. *York Mfg. Co.*, 76 Maine, 509; *Knox* v. *Waldoborough*, 5 Maine, 185; *Sheldon* v. *Edwards*, 35 N. Y. 286.

Adverse possession: Judgment upon a suit begun in 1884 would not be a bar to a suit brought upon a claim by prescriptive title, which did not ripen into a title until after that suit was brought.

To avoid the bar of a former judgment, it may be shown that the plaintiff had acquired some new title since. Herman on Estoppel, p. 226. *Perkins* v. *Parker*, 10 Allen, 22.

It has been several times held that adverse holding is not interrupted or suspended by an action of ejectment brought by the owner and afterwards dismissed. *Langford* v. *Poppe*, 56 Cal. 73; *Workman* v. *Guthrie*, 29 Pa. St. 495; *Ferguson* v. *Bartholomew*, 67 Mo. 212; *Kennedy* v. *Reynolds*, 27 Ala. 364.

*H. W. Gage and C. A. Strout*, for defendant.

The premises demanded in the prior suit extended three rods further in a northeasterly direction than the premises demanded in the pending suit, but all the other boundaries are the same; and consequently the premises demanded in the prior suit completely included the premises demanded in the pending suit.

A judgment rendered by a court of competent jurisdiction is conclusive, so far as the subject matter thereof, upon the parties and their privies in estate; and may be pleaded by way of estoppel, or given in evidence under the general issue. *Blodgett* v. *Dow*, 81 Maine, 197, and cases in briefs and opinion; *State* v. *Brownrigg*, 87 Maine, 502, 503.

The nonsuit in the former action was rendered after a full trial on the merits; the issue presented by the pleadings was fairly tried out; the evidence was voluminous and exhaustive and completely covered the title to the whole premises, and was calculated and intended to do so. 1 Herm. Estop., c. 4.

The plaintiff's claim that she brought her suit in consequence of acts of Philbrook within the limits of the discontinued road is

unreasonable.  The road was discontinued in 1878, and she made
no objection whatever until 1884, when it becoming perfectly clear
that Philbrook intended to dispute her title to the whole premises,
she then attempted to help her case by suing first.

Upon every discontinuance or interruption of the possession, the
possession of the rightful owner is restored, and nothing short of
an actual, adverse and continuous · possession for the statutory
period can destroy his right.  *Thompson* v. *Burton,* 70 N. Y. 99;
*Bliss* v. *Johnson,* 94 N. Y. 235; *Sherman* v. *Kane,* 86 N. Y. 56;
*Armstrong* v. *Merrill,* 14 Wall. 120.

There must be open, adverse, notorious, exclusive and continued
possession for twenty years.  Burden on party setting it up.
*Eaton* v. *Jacobs,* 52 Maine, 455; *Moore* v. *Moore,* 61 Maine, 419;
*Martin* v. *M. C. R. R.,* 83 Maine, 103 and cases cited.

Suit of ejectment interrupts running of statute.  *Dunn* v. *Meller,*
70 Mo. 260.   ·

Agreement to arbitrate will interrupt the running of the statute.
*Perkins* v. *Blood,* 36 Vt. 273.

Lost deed: *Connor* v. *Parks,* 86 Maine, 302.

Due execution of a deed, claimed to be lost, must be proved
before oral testimony of its contents will be admissible.  *Elwell* v.
*Cunningham,* 74 Maine, 129; *Dunlap* v. *Glidden,* 31 Maine, 512;
*Kimball* v. *Morrill,* 4 Maine, 369.                          .

SITTING: PETERS, C. J., WALTON, EMERY, HASKELL, WHITE-
HOUSE, STROUT, JJ.

HASKELL, J.  Writ of entry to recover land.  Plea, nul dis-
seisin.  The case comes up on report.  The burden is upon the
plaintiff to show a legal title.

I.  The plaintiff contends that she acquired such title under a
lost deed.

No person has ever seen such a deed.  There is not a scintilla
of evidence of the execution of such a deed.  The only evidence
is the admission of the defendant.  He is said to have made
inquiries about such a deed.  There was a dispute about the

ownership of land within the limits of a discontinued road. The defendant was the grantee of a mortgagor. The mortgage debt seems to have been satisfied in some way and the notes surrendered. The presumption is just as strong that they had been paid in some other way as by a release of the equity. Defendant's inquiries are said to have been about this supposed release, if the witnesses correctly understood him. He is described as being somewhat infirm and partially blind. He may have forgotten how the transaction of the mortgage was consummated. If he had thought it to have been by deed, his inquiry about the deed, or for the deed, certainly should not conclude him from denying the existence of such deed. To prove a title under a lost unrecorded deed, the rule is very strict, and ought to be. *Connor* v. *Pushor*, 86 Maine, 302.

The existence of this lost deed depends upon substantially the same evidence that has been considered before. *Day* v. *Philbrook*, 85 Maine, 90. That was a writ of entry between the same parties as this case, and the land demanded was the same as here, with an additional strip once covered by a town road then discontinued. If the court had been satisfied in that case of the existence of this deed, a nonsuit could never have been entered, but instead, judgment for the plaintiff for the land here demanded, at least. R. S., c. 104, § 10; *Hazen* v. *Wright*, 85 Maine, 314. While that judgment of nonsuit decides nothing but that action, *Pendergrass* v. *York Mfg. Co.*, 76 Maine, 512, it is proper to refer to the opinion as bearing upon the case at bar. We conclude in this case, as we did in that one, that the existence of such a deed as plaintiff claims is not satisfactorily shown. Record titles must not be sworn away with vague recollections of what another may have said.

But the plaintiff says that defendant is estopped from disputing her title, because he was present when a survey of the premises was being made, in 1869, preparatory to a conveyance by the mortgagee to her grantor. The defendant is shown to have been present, but what he said, or did, depends upon the memory of a witness of what took place a quarter of a century before. At most he was around, when Coombs, the mortgagee, was surveying this

and other land; but little reliance can be placed upon the memory of witnesses to correctly reproduce, after the lapse of so long a period, what the circumstances were. At any rate, we are not satisfied of such knowledge and conduct on the part of the defendant as should estop him from relying upon a perfectly good record title.

II. Plaintiff contends that she has acquired title by adverse possession.

In 1884 she brought the action of *Day* v. *Philbrook*, argued in 1891 and decided in 1892, 85 Maine, 90. She there demanded the same land that she demands here, and alleged that the defendant in this case had theretofore disseized her of the same and then still held her out of possession thereof. How can she set up adverse possession of land, while she alleges that the true owner had disseized her thereof, and gain title by lapse of time against a man whom she alleges meantime to be in possession of the same? Such a position is absurd. We think the litigation over this land had best, this time, be ended.

*Judgment for defendant.*