FRANCES E. POWERS *vs.* IDA E. HAMBLETON.

Cumberland.   Opinion December 9, 1909.

*Real Action. Ejectment. Title. Burden of Proof. Mortgages. Mortgagee's Right to Enter. Effect of Lease. Harmless Error. Evidence. Mortgage for Support. Breach by Mortgagor. Revised Statutes, chapter 106, sections 5, 8.*

Under the general issue in an action to recover land, the burden is on plaintiff to show the title alleged in his writ; defendant being entitled to rebut the evidence by showing title in himself or in another, or by merely showing that plaintiff has none.

One must recover land, if at all, upon the strength of his own title, and not upon the weakness of the defendant's.

Under Revised Statutes, chapter 106, sections 5, 8, in an action to recover land, proof of both the right of entry at the time suit is brought and of such an estate as the plaintiff alleges, is necessary, though defendant shows no title.

By joining in a lease for a term of years, a mortgagee debarred herself of the right of entry upon the premises under a mortgage to secure support, during the term of the lease.

In an action to recover land, an allegation that plaintiff barred her right of entry by making a lease, being superfluous in view of the general issue, the overruling of a demurrer to it was not prejudicial error.

The burden of proving a breach of the condition of a mortgage given for support on the premises, is on the mortgagee, and unless a breach is shown, the mortgagee is not entitled to possession.

In a suit by a mortgagee in a mortgage to secure her support in consideration of a conveyance of the mortgaged land, to recover possession of the land for an alleged breach of the condition, evidence *held* insufficient to show a breach by the defendant.

On exceptions by plaintiff.   Overruled.

Real action to recover possession of the home farm of the parties in Brunswick, and of a certain wood-lot on Great Island in Harpswell.   Plea, the general issue with brief statement alleging that the plaintiff had barred herself from the right of entry into and possession of the premises by making and executing a written

lease thereof which was still in force.   The plaintiff filed a demurrer to the brief statement which was overruled and the plaintiff excepted. The plaintiff also excepted to the admission of certain evidence during the trial and to the order of the presiding Justice directing a nonsuit.

The case is stated in the opinion.

*Clarence E. Sawyer*, for plaintiff.

*Emery G. Wilson*, for defendant.

SITTING : WHITEHOUSE, SAVAGE, SPEAR, KING, BIRD, JJ.

WHITEHOUSE, J.   This is a real action to recover possession of certain parcels of land comprising the home farm of the parties in Brunswick, and of a wood-lot situated on Great Island in Harpswell.

In 1901 the plaintiff conveyed the demanded premises to the defendant, her daughter, in consideration of a bond for her support secured by a mortgage to the plaintiff of the same property.   In 1906, the plaintiff joined in a written lease of the homestead farm, not including the wood-lot, to George Y. Walker for the term of five years at a rental of $150 per year, "reserving the parlor sleeping room and the parlor chamber in the house, with right of access to the same."   This lease was under seal and was in full force from its date to the time of the commencement of this action and to the time of the trial, and by virtue of it, Walker, the lessee, was in uninterrupted possession of the premises during the same time.

The defendant pleaded the general issue with a brief statement alleging that the plaintiff had barred herself from the right of entry into and possession of the premises by making and executing a written lease thereof which was still in force.   The plaintiff demurred to the brief statement contending that it set up matter which should have been pleaded in abatement.   But the presiding Justice overruled the demurrer, subject to the plaintiff's exceptions, and this ruling was manifestly correct.   Under the general issue in a real action the burden is on the plaintiff to show the title he has alleged in his writ, and it is obvious that the defendant may rebut the plaintiff's evidence by showing title in himself or in another, or by

merely showing that the plaintiff has none.   It is a familiar rule that the plaintiff must recover if at all upon the strength of his own title and not upon the weakness of that of the defendant.   *Chaplin* v. *Barker*, 53 Maine, 275.   Proof of both the right of entry at the time of the commencement of the action and of such an estate in the premises as the plaintiff has alleged is necessary before he can recover although the defendant shows no title in himself.   R. S., chap. 106, sects. 5 and 8.   *Stetson* v. *Grant*, 102 Maine, 222. "One may retain his title to real estate while debarring himself from the right of entry and possession."   *Hurd* v. *Chase*, 100 Maine, 562.   "And all this is determinable under the general issue." *Brown* v. *Webber*, 103 Maine, 60.

In the case at bar the plaintiff was mortgagee of the demanded premises and upon proof of a breach of the condition of the mortgage, she might have been entitled to judgment for possession of the premises, if she had not joined in the execution of the lease to Walker for the term of five years.   By force of that instrument she was clearly debarred from the right of entry and possession of the premises, with the exception of the rooms reserved during the term of the lease.

The brief statement was superfluous.   It added nothing to the general issue and was in no way prejudicial.

The ruling of the presiding Justice admitting in evidence the lease to Walker above described signed by the plaintiff to which the defendant's second exception was taken, was also undoubtedly correct for the reasons already suggested.

The parties lived on the home farm and the defendant remained single until the spring of 1906 when she married Mr. Hambleton who had become proprietor of a hotel in Princeton, Maine, and it was then amicably arranged between the parties that they should all go to Princeton.   Preparatory to this change of residence a written agreement under seal was signed by the parties and delivered to the plaintiff, on the fourteenth day of February 1906.   In that agreement after reciting that October 16th, 1901, the defendant had given to the plaintiff a bond for her support on the premises in Brunswick, it was stipulated that the defendant might rent or lease

the premises and remove therefrom at any time without being charged with any violation of the terms of the bond; provided that the defendant should support and maintain the plaintiff "at some other suitable and convenient home within the state of Maine." Although the plaintiff seeks to give the impression that she was over-persuaded by her daughter to go to Princeton, she appears to have cheerfully acquiesced in the proposition and admits that she told her daughter she had worked hard enough on the farm to go to Princeton and retire. She further testifies that as a further consideration for signing this "agreement to go to Princeton," the defendant agreed to give her and did give her a "mortgage of all she had on earth." Thereupon, on the 16th of March following, the lease of the farm in Brunswick was executed and delivered to Mr. Walker and the parties soon after removed to Princeton.

The plaintiff's third exception is to the ruling of the presiding Justice admitting in evidence this agreement of February 14, 1906, identified by the plaintiff as the paper which she "signed to go to Princeton."

It is contended that there was no consideration for this agreement, releasing the defendants from the obligation to furnish the support on the homestead farm in Brunswick. But according to the testimony of the plaintiff herself there was ample consideration, both good and valuable. At all events there were reasons and considerations as above suggested, which were satisfactory to the plaintiff and sufficient to induce a cheerful acquiescence on her part in the proposition to lease the farm and accompany her daughter and son-in-law in the Princeton enterprise. On the strength of her consent, the agreement and lease were executed, possession of the farm surrendered to Mr. Walker for five years, and the removal to Princeton soon followed. There is no evidence that the plaintiff's consent or signature either to the agreement of February 14, or to the lease to Walker, was obtained by any fraudulent means. By the conduct of the plaintiff in thus joining in the lease and the proposition for a change of residence, the defendant was induced to take a course of action which she otherwise would not have taken, and

the plaintiff is now estopped from taking a different position to the detriment of the defendant. The agreement of February 14 was clearly admissible in evidence.

It thus appears that by force of the lease the plaintiff had debarred herself of the right of entry upon the homestead for the term of five years, and thereupon was not entitled to judgment for possession, even if there had been a breach of the defendant's contract for her support. But the lease to Walker did not comprise the wood-lot situated on Great Island and hence the plaintiff's right to the possession of that lot was not affected by the lease. As to that parcel the action could still be maintained by proof of a breach of the condition of the mortgage given to her by the defendant to secure the bond for support. But the burden of proving a breach of the condition of such a mortgage is on the mortgagee, and unless a breach is shown, the mortgagee is not entitled to possession. *Davis* v. *Poland,* 99 Maine, 345. The plaintiff testified as a witness and gave a somewhat detailed history of her manner of life from the time she left the Brunswick homestead and went to Princeton to the time of the trial. Her counsel argues that it has some tendency to show a breach of the contract. The defendant did not deem it necessary, however, to introduce any evidence in explanation or denial of the plaintiff's testimony, but at the conclusion of it moved for a nonsuit. This motion was granted by the presiding Justice and a nonsuit was ordered. To this order also the plaintiff has exceptions.

When the plaintiff's testimony is carefully examined and considered in connection with all the other evidence, the circumstances and situation of the parties and the conduct of the plaintiff from the time she conveyed the homestead to her daughter in consideration of the bond for her support to the time of the trial, it is the opinion of the court that it fails to show a breach of the defendant's contract in any substantial particular, and that there is not sufficient evidence to support a verdict in favor of the plaintiff on that ground. As might have been anticipated she did not easily become accustomed to the continual din and bustle of hotel life at Princeton. Her thoughts continually reverted to the peaceful seclusion and

tranquility of her country home, and on the 29th of May, 1906, after an absence of two or three months, she returned to Brunswick where she has been boarded and maintained at the expense of the defendant at "suitable and convenient homes" from the time of her return to the time of the trial. There is no evidence that during the entire period since her return she has ever complained that she did not have a suitable boarding place, and sufficient money from the defendant to procure the clothing and other necessities incident to the style of life to which she had been accustomed. Under the direction of the defendant the entire rental of the homestead has been appropriated to the plaintiff's use and benefit by the tenant Mr. Walker, and sums of money frequently sent to her for her relief in sickness and her comfort in both sickness and in health. In moments of irritation an ungracious remark may sometimes have been made by the defendant during her experience in the Princeton hotel, and she may not always have given the soft answer which turneth away wrath; but it does not appear that she ever subjected the plaintiff to such unkind treatment or was otherwise so unmindful of her duty towards the plaintiff as to warrant the conclusion that there has been a breach of the conditions of her bond and mortgage.

*Exceptions overruled.*