FREDERICK R. MADDOCK, administrator, &c.,

*v.*

MARJORIE HEATH CONNOLLY et al.

[Decided June 5th, 1913.]

1. The rule that a party seeking to establish a lost instrument such as a deed of conveyance or a will, or to recover upon a lost instrument such as a mortgage or a promissory note, manifestly casts the burden of proof on the party claiming under the lost instrument, and it is consonant with reason that the burden of proof shall not only be sustained by him, but that the evidence as to the existence, execution and delivery of the lost instrument should be clear and cogent.

2. Upon a bill for the foreclosure of a mortgage, assuming that the complainant has established the fact that an instrument of the sort mentioned in the bill once existed either (1) to secure a present loan, or (2) to secure future advances to be made under it, evidence examined and *Held* to fail to show that the mortgagor owed the mortgagee anything at all either at the time of the making of the mortgage, or that any money was advanced by the mortgagee to the mortgagor by way of a future advance on the mortgage itself, and hence the burden of proof has not been met by the complainant.

On final hearing on bill, answer, replication and proofs.

*Mr. Ralph E. Lum* and *Mr. Egbert J. Tamblyn,* for the complainant.

*Mr. Cortlandt Parker,* for the defendant Marjorie Heath Connolly.

*Mr. Edward A. Day,* for the defendant Carlotta Heath.

*Mr. Algernon T. Sweeney* and *Mr. John R. Hardin,* for Bertha Baker Heath and other defendants.

HOWELL, V. C.

Whether a complainant seeks to establish a lost instrument such as a deed of conveyance or a will, or seeks to recover upon a lost instrument such as a mortgage or a promissory note, the burden is on him in the first instance to prove that a document of the sort alleged in the bill once existed, that it was properly executed and delivered, that it has been lost, and that proper search has been made for it; and when these points shall have been proved the court will then take secondary evidence as to its contents. This rule manifestly casts the burden of proof on the party claiming under the lost instrument, and it is quite consonant with reason that the burden of proof shall not only be sustained by him, but that the evidence as to the existence, execution and delivery of the lost instrument should be clear and cogent. *Maryott* v. *Swaine, 28 N. J. Eq. (1 Stew.) 589.* The authorities on the point in this state are very meagre, but the question has received attention elsewhere. *Connor* v. *Pushor, 86 Me. 300; 29 Atl. Rep. 1083; Moses* v. *Morse, 74 Me. 472; Day* v. *Philbrook, 89 Me. 462; 36 Atl. Rep. 991; Edwards* v. *Noyes, 65 N. Y. 126; Scurry* v. *Sealtle, 56 Wash. 1; 104 Pac. Rep. 1129; 134 Am. St. 1092; Taylor* v. *Riggs, 1 Pet. 591.*

I am of opinion that the burden of proof so resting upon the complainant in this case has been fully met, and I shall assume without further statement or argument that the complainant has established the fact that an instrument of the sort mentioned in the bill once existed, and that it was of the tenor and effect therein set out. I base my conclusion as to this fact upon the testimony of Mr. Maddock and the introduction of the certified copy of the registry of the mortgage, which I think is evidential on this point.

But in my opinion the complainant has wholly failed to prove that there was any consideration for the mortgage in question, or that there was ever any money advanced upon it. The mort-

gage was executed either (1) to secure a present loan, or (2) to secure future advances to be made under it. There is no evidence whatever to the effect that the mortgagor owed the mortgagee anything at all at the time of the making of the mortgage; in fact, a searching investigation of the books of the parties made by a competent accountant fails to disclose any present indebtedness. In fact, the books rather show, if they show anything at all, that there was no indebtedness from the son to the father at the time the mortgage purports to have been made. Neither is there any evidence that any money was advanced by the mortgagee to the mortgagor by way of a future advance on the mortgage itself. The mortgage appears to have been dated on December 8th, 1892, and to have been registered on July 16th, 1900, after the death of the mortgagor. There is an account in the books of the firm, which was composed of the mortgagor and mortgagee, showing that on the day after the mortgage was dated the firm's check was drawn to the order of the mortgagor for $1,750, and that this amount was charged on the firm's books to the mortgagee, indicating possibly that $1,750 had been on that day taken from the assets of the firm by the mortgagor and charged against the mortgagee, from which I am asked to infer that there was created by that transaction an indebtedness from the mortgagor to the mortgagee. This course seems to have been continued according to the books from December 9th, 1892, until April 5th, 1893, up to which time this particular account reached an aggregate of $32,132.16; but I do not think that I would be justified in assuming without any evidence at all that this account represents a transaction or a series of transactions connected in any way with the mortgage. It has always been held that future advances on a mortgage should not be encouraged because of the facility they afford for the commission of fraud, inasmuch as the proof of the advances generally lies wholly in parol, and this observation applies with much more force to a case in which a recovery for future advances on a lost instrument is sought to be had. The burden of proof on this point lies with the complainant, and it is quite apparent that the burden has not been met, and I must therefore advise a decree dismissing the bill.