IDA B. MURRAY *vs.* ZILPHA E. MUNSEY.

Lincoln.   Opinion April 4, 1921.

*What constitutes boundaries of land conveyed by deed, is a question of law, but where the boundaries are is a question of. fact.*

The principles of law involved in this case are well settled.   What are the boundaries of land conveyed by a deed, is a question of law.   Where the boundaries are, is a question of fact.

An existing line of an adjoining tract may as well be a monument as any other object.   And the identity of a monument found upon the ground with one referred to in the deed, is always a question for the jury.

If an existing line of an adjoining tract is mentioned in a deed as a boundary, it is the true line which is such boundary.

We must assume that all principles of law applicable to the contentions of the parties were fully explained to the jury; upon a careful examination of the record the court is compelled to the conclusion that it contains ample evidence, if believed by the jury, to sustain the verdict for defendant.

On motion by plaintiff to set aside the verdict.   This is an action of trespass quare clausum involving the true line between adjoining lots.   Verdict for defendant with special findings.   Motion overruled.

Case is stated in the opinion.

*A. S. Littlefield,* for plaintiff.

*Weston M. Hilton,* for defendant.

SITTING:   CORNISH, C. J., SPEAR, HANSON, PHILBROOK, MORRILL, WILSON, JJ.

MORRILL, J.   This action of trespass quare clausum fregit involves the location of a line between the premises of the parties; the parcel in dispute, upon which the acts constituting the alleged trespass were committed, is three feet wide without trees or buildings upon it.

The premises of both parties were formerly owned by one Narcissa Brackett, the mother of the plaintiff and grandmother of defendant. On April 14, 1899, Mrs. Brackett conveyed to defendant's husband, Warren M. Munsey,

"A lot of land situated in New Harbor in said Bristol and bounded as follows: Beginning at a point in the center of the road leading from Pemaquid Falls to Pemaquid Point near the residence of Mrs. Abbie Tibbetts; *thence north 58 degrees west and by the southern line of the schoolhouse lot about six rods to a stone set in the earth;* thence south 30 degrees west three rods and eleven links to a stone set in the earth; thence south 58 degrees east about four and one-half rods and parallel with the first course given above to the center of said road; thence northerly by said road to the point first mentioned, containing one-eighth of an acre more or less."

On February 14, 1900, Warren M. Munsey conveyed the same lot to the defendant.

On May 21, 1909, the plaintiff, having acquired title to the remainder of the Brackett property, conveyed to the defendant,

"A certain lot or parcel of land situated in the village of New Harbor in the town of Bristol South of New Harbor school building, bounded and described as follows: Beginning on the west side of the town road at Zilpha B. Munsey's west bound in the southern line of the school lot; thence north 58 degrees west one rod and four links following said line to *a stone placed in the earth marked with a cross* thence in a southerly direction three rods and twelve links to a stone placed in the earth, the same being at the southeast corner of Ida B. Murray's stable; thence easterly twenty links to land of Zilpha B. Munsey, the same joining land deeded to Zilpha B. Munsey by Warren M. Munsey February 14th, 1900."

The plaintiff claims that the first call in Mrs. Brackett's deed, printed above in italics, coincides with a fence which she claims marks the southerly line of the school house lot; she does not point out any stone marking the end of that call, but at the end of the fence she points out a stone marked with a cross, which she claims is the stone referred to in the first call of the second deed, also indicated above by italics.

The defendant claims that the first call in Mrs. Brackett's deed is located three feet south of the fence and is marked by a stone, marked B, set at the end of the line when the first lot was surveyed and before the deed was executed, and that she located her house by that line, so close thereto as to leave only space for eaves-drop upon her own land; and she says that when she built her house she obtained permission from the selectmen to grade between her house and the fence.

The effect of the defendant's contention is to locate the lot conveyed by the first deed three feet farther south than by the plaintiff's contention; it was upon this strip of land along the southerly side of the lot conveyed by the deed of April 14, 1899, that the acts of alleged trespass were committed. The jury found specially that the plaintiff was not, and that the defendant was the owner of this strip of land at the time of the alleged trespass, and returned a general verdict for the defendant, which the plaintiff moves to set aside upon the usual grounds.

The principles of law involved in the case are well settled. "*What* are the boundaries of land conveyed by a deed, is a question of *law*. *Where* the boundaries are, is a question of *fact*. An *existing line* of an adjoining tract may as well be a *monument* as any other object. And the *identity* of a monument found upon the ground with one referred to in the deed, is always a question *for the jury*." *Abbott* v. *Abbott*, 51 Maine, 575, 581. If an existing line of an adjoining tract is mentioned in a deed as a boundary, it is the true line which is such boundary. *Wiswell* v. *Marston*, 54 Maine, 270. *White* v. *Jones*, 67 Maine, 20.

We must assume that all principles of law applicable to the contentions of the parties were fully explained to the jury, and upon a careful examination of the record we are compelled to the conclusion that it contains ample evidence, if believed by the jury, to sustain the verdict for defendant.

The jury found specially that the three-foot strip, owned by the defendant, along the southwesterly line of the first parcel does not extend across the southerly end of the second parcel, thus making a jog of three feet in the defendant's southwesterly line; the plaintiff thereupon contends that the two special findings are inconsistent; that the jury was right as to the second, or back, lot, and necessarily wrong as to the front lot. But we see no necessary inconsistency in the two special findings; the second call in the deed of the second lot reads, "thence in a southerly direction three rods and twelve links to a stone placed in the earth, the same being at the southeast corner of Ida B. Murray's stable;" there can be no dispute as to this bound; both stable and stone are to be seen. The next call reads, "thence easterly twenty links *to land* of Zilpha B. Munsey," not "to corner of land of Zilpha B. Munsey." In fixing upon the earth the direction of this call the jury fixed it in the same course as the front of the stable, and not on an angle to the corner of the defendant's lot, a con-

struction which appeals to us as sensible. The special finding as to the second, or back, lot was in favor of the plaintiff, but was immaterial as to the result of the case because no acts of alleged trespass were committed upon plaintiff's land adjoining that lot.

The entry will be,

*Motion overruled.*