## BLETHEN *versus* DWINEL.

In the absence of controlling proof, the legal presumption is, that by a deed of conveyance duly executed and recorded, the title passes, and that the grantor had sufficient seizin to enable him to convey, and that the seizin and the title correspond with each other.

ON EXCEPTIONS from *Nisi Prius*, TENNEY, J. presiding.

WRIT OF ENTRY.

The demandant introduced, subject to objection, the office copy of a deed of the land from David Webster to James Webster, executed and acknowledged in 1809; also a deed to himself from Andrew H. White, of Liverpool in Nova Scotia, and Susan his wife, in her right, executed in 1851. Susan was the sole heir of said James Webster, who was a

citizen of this State. She was born in Nova Scotia in 1822. She was in Maine with her father in 1823, when he died, and within two months afterwards she returned to Nova Scotia, where she has ever since resided, and where she was married to said Andrew in 1846.

The tenant moved for a nonsuit, which was ordered for the purpose of advancing the case. The demandant excepted.

*Cutting* and *Fessenden,* for the demandant.

*Rowe & Bartlett,* for the tenant.

In order to recover, demandant is required, by R. S. chap. 145, § 11, to prove that he is entitled to an estate in fee in the premises, and had a right of entry into the same on the day when the action was commenced. He fails to show both.

All title rests upon occupancy. Defendant has the title which springs from present possession. To recover, plaintiff must show a prior possession in himself, or in some one from whom he derives title. The right of entry must be derived from some one who has been seized of the premises. Plaintiff offers no evidence to show seizin and possession either in himself, or in any one from whom he claims title.

Deeds acknowledged and recorded operate as livery of seizin only when the grantor had good right and lawful authority to convey. JUDGE TROWBRIDGE, 3 Mass. 574 – 5; *Bates* v. *Norcross,* 14 Pick. 224, 231; *Goodwin* v. *Hubbard,* 15 Mass. 213 – 4; *Marston* v. *Hobbs,* 2 Mass. 439.

At common law, on the trial of *nul-disseizin,* plaintiff was bound to prove the seizin on which his action was founded, to make out a *prima facie* case. Jackson on Real Actions, 4, 137.

The statute simply substitutes proof of a right of entry for proof of actual seizin.

The opinion of the Court, SHEPLEY, C. J., WELLS, RICE, HATHAWAY and APPLETON, J. J., was drawn up by

HATHAWAY, J. — A writ of entry on the demandant's own seizin and disseizin by the tenant, on the general issue pleaded

and brief statement of title by possession, and claim for betterments.

The demandant read in evidence a quitclaim deed to himself, of the demanded premises, from Andrew H. White and Susan S. his wife, who was daughter and sole heir at law of James Webster, which deed of quitclaim was duly executed and recorded.

Also subject to objection, an office copy of a deed of same premises from Daniel Webster to James Webster, duly executed and recorded in March, 1809. Upon this evidence a nonsuit was ordered.

The office copy of the deed from Daniel to James Webster was admissible under the 34th rule of this Court.

A deed of conveyance acknowledged and recorded is equivalent to feoffment with livery of seizin. The legal presumption is, that seizin follows the title and that they correspond with each other.

In the absence of other evidence, the deed, itself, raises a presumption that the grantor had sufficient seizin to enable him to convey, and also operates to vest the legal seizin in the grantee.

The deeds introduced by the demandant, *prima facie*, established his title. *Ward* v. *Fuller*, 15 Pick. 185; *Thompson* v. *Watson*, 14 Maine, 316.     *Exceptions sustained.*