† BRUCE *versus* MITCHELL.

A person in possession of lands cannot be ousted except by one having a better title.

Evidence that demandant's grantor had title to only a portion of the premises sought to be recovered, and included in his deed, is material, and will so far bar his recovery, although the tenant set up no title.

ON EXCEPTIONS from *Nisi Prius,* HATHAWAY, J., presiding. WRIT OF ENTRY.

The tenant pleaded the general issue, and claimed by possession of twenty years. He also claimed betterments.

The demandant derived his title to one half of the premises by deed from one Lemont and others, and to the other half by deed from C. & W. D. Crooker.

From the evidence it was claimed by tenant, that the Crookers attempted to convey more than their title authorized.

Several requests for instructions were refused, and some instructions given to which there were no objections. To the following the tenant excepted, a verdict being returned for demandant.

The jury were told, that inasmuch as the deed from the Crookers conveyed to plaintiff one undivided half of the demanded premises, it was immaterial, so far as concerned this case, whether they had acquired the title of all the heirs of James Thornton, (from whom their title came,) or not, unless the tenant proved title in himself or under adversary possession; that if he had no title or adversary possession, he could not controvert the title of demandant conveyed by Crookers' deed, and as there was no question raised as to the plaintiff's paper title to the other undivided half, and as the tenant exhibited no title by deed, they might consider the demandant as having the record title to the whole of the premises.

*Randall & Tallman,* in support of the exceptions.

*Porter,* with whom was *Smith, contra.*

APPLETON, J. — In real actions the demandant recovers on the strength of his own title and not on the weakness of that of the tenant. The premises in dispute were originally owned by one James Thornton, from whom the demandant claims to derive title. The demandant claims an undivided half thereof under a deed from W. D. &. C. Crooker. In the defence it was insisted, that the Crookers had conveyed by their deed a larger interest than they had acquired by their various conveyances from the heirs of Thornton.

In the absence of other evidence, a deed raises a presumption that the grantor had sufficient seizin to enable him to convey, and may be regarded as *prima facie* evidence of title in the grantee. *Ward* v. *Fuller*, 15 Pick. 185; *Blethen* v. *Dwinel*, 34 Maine, 133.

In the present case the Court instructed the jury, " that inasmuch as the deed from Charles & W. D. Crooker conveyed to the plaintiff one undivided half of the demanded premises, it was *immaterial, so far as regarded this case,* whether the Crookers had acquired the title of all the heirs of James Thornton or not, unless the tenant proved title in himself, or under adversary possession," &c. This instruction can hardly be regarded as correct. No reason is perceived why the demandant should recover land of the tenant to which he had no title. The deed to him is only material because it affords proof that he has such title. But if it appear that his grantor had no title, or only a title to a portion of the premises, such entire or partial deficiency of title cannot be regarded as immaterial. His deed is regarded as *prima facie* proof in the absence of other evidence. If from other evidence the *prima facie* title is rebutted, the demandant without title should not recover. The right of the tenant to controvert the title of the demandant does not depend upon his having an apparent title or adverse possession. Being in possession, even if without title, he is not to be ousted except by some one having a better title, and who has a right as against him to say that his possession is wrongful. In the absence of proof a *pri-*

*ma facie* title must always be regarded as sufficient to entitle a demandant to recover, but if such title should be disproved, its disproof cannot be regarded as immaterial. Any other doctrine would entitle a demandant without any title whatsoever, to recover against a tenant who had only the fact of possession upon which to rely.

*Exceptions sustained.*

*New trial granted.*