BRADBURY RAND *vs.* MOSES D. SKILLIN, *et ux.*

*What is sufficient identification of premises in a real action.*

Where the description of premises in deeds introduced by the demandant corresponds precisely with that contained in his writ, no other proof of identity is necessary.

|  |  |
|---|---|
| 63 | 103 |
| 86 | 23 |
| 63 | 103 |
| 96 | 474 |
| 63 | 103 |
| 106 | 550 |

ON EXCEPTIONS.

WRIT OF ENTRY demanding possession of certain premises in Cape Elizabeth, described in the declaration by metes and bounds, and then further specified as lots numbered 27 and 28 on a plan of Woodbury Dyer's land, made by Wm. Anson, June 29, 1847, and recorded in the Cumberland Registry of Deeds, book No. 1, page 15, being same premises conveyed to the demandant by George S. Hay, by deed of March 29, 1871, recorded in said registry, book 383, page 421. The plea was the general issue. The demandant introduced the plan and deed mentioned in his declaration and a deed from Woodbury Dyer to George S. Hay. These deeds described the lots they conveyed, including those in controversy, only by their numbers on this plan, to which, and its record, reference was made. The deed from Dyer to Hay contained the usual covenants of warranty, and they were also in that from Hay to Rand, but there was added to the words "to warrant and defend the premises against the claims and demands of all persons," the words "claiming by, through or under me, and none other, and only to the amount of the consideration hereof." Upon these

deeds and a certified copy of the plan the demandant rested his case, and a nonsuit was ordered, to which he excepted.

*A. Merrill* and *S. L. Carleton*, for the demandant.

*Howard & Cleaves*, for the tenants.

WALTON, J. In a real action tried upon the plea of *nul disseisin*, a warranty deed to the plaintiff, or a warranty deed to one from whom the plaintiff has a quitclaim deed, is sufficient *prima facie* evidence of ownership, and will authorize a verdict for the plaintiff, unless the defendant proves a better title. *Blethen* v. *Dwinel*, 34 Maine, 133. The law is otherwise where all the deeds under which the plaintiff claims are mere releases or quitclaims. *Tibbetts* v. *Estes*, 52 Maine, 566.

In this case the plaintiff introduced in evidence a warranty deed of the demanded premises to George S. Hay, and a deed, with limited covenants of warranty, from George S. Hay to himself; and also a plan of the premises; and then rested his case. Thereupon a nonsuit was moved for by the defendant, which was ordered by the presiding judge. We think the nonsuit was erroneously ordered. The only point in relation to which there could be any doubt was whether the plaintiff should not have introduced some evidence to show that the land sued for was the same land mentioned in the deeds. But where, as in this case, the description of the land in the plaintiff's writ is substantially the same as the descriptions in the deeds, we think no other or further evidence of identity is necessary to make out a *prima facie* case.

*Exceptions sustained.*

APPLETON, C. J., DICKERSON, BARROWS, DANFORTH and VIRGIN, JJ., concurred.