RUBY R. McMULLEN

*vs.*

JESSEN A. CORKUM, AND TRUSTEES

Kennebec.   June 16, 1947.

*McLean, Southard & Hunt*, for plaintiff.

*Goodspeed & Goodspeed,*

*Arthur F. Tiffen*, for defendant.

SITTING: STURGIS, C.J., THAXTER, MURCHIE, TOMPKINS, FELLOWS, JJ., MANSER, ACTIVE RETIRED JUSTICE.

FELLOWS, J.    This is an action of slander brought by Ruby R. McMullen against Jessen A. Corkum and refereed to three referees. The referees filed a report that "judgment should be for the defendant." The report was accepted by the Superior Court for Kennebec County over the written objections of the plaintiff. The case is now before the Law Court on exceptions by the plaintiff to the acceptance of the report. The plaintiff claims a mistake on the part of the referees.

The record shows that the alleged slanders are set forth in a writ containing twelve counts, with requested specifications filed by the plaintiff. The plea is the general issue with brief statement containing claims of privilege, and offers to prove truth as justification.

The case was first tried before a jury, and at the conclusion of the evidence the presiding justice stated that in view of intricate legal questions involved, it would be wise if the case were referred to referees who were learned in the law, and suggested that the parties agree to a reference to three justices of the Supreme Judicial and Superior Courts. The defendant agreed. The plaintiff consented to a reference, provided the presiding trial justice who had heard the evidence would act as one of the referees, and it was finally "stipulated and agreed by and between counsel that

transcript of the testimony will be written up and the case then will be referred to Justices Chapman, Fisher and Sewall . . . the findings of said justices will be final as to all matters of fact and law."

The declaration and pleadings are long and complicated, but the questions here arise under the fifth count. This fifth count is in the usual form alleging the good character of the plaintiff, Ruby McMullen, and alleging that on the defendant's complaint a search warrant was issued to search the plaintiff's dwelling for goods which the defendant Corkum claimed had been feloniously carried away from his store. The count further stated that while search was being made the alleged slanderous words were spoken.

There are two exceptions, and both involve the same alleged "oversight or accidental error," and both refer to the fifth count in the declaration. The plaintiff's objections to the allowance of the report, under Superior Court Rule Twenty-one, 129 Me., 511, and made a part of the bill of exceptions, are as follows:

"The plaintiff's fifth count (eliminating the formal parts) sets forth the following slanderous statement with innuendoes:

'The Internal Revenue Department is checking up and someone is going to jail and it won't be me,' (meaning that the Internal Revenue Department was checking or would check the income tax returns of the Accessory Shop ( a partnership consisting of the said Jessen A. Corkum and Beatrice Wehrwein) in which the plaintiff was employed as a clerk, and that this check would show a want of profits that could be accounted for only by misconduct on his part or theft or embezzlement on the part of the plaintiff, and that there had been no misconduct on his part, and that therefore the plaintiff had stolen or embezzled money or other property of the said Accessory Shop, and hence would have to go to jail because of her thefts) was spoken in substance on several different occasions and under different circumstances

on or within a few days of the seventh day of August, 1945, at said Gardiner, to the plaintiff and to plaintiff's husband, William McMullen, in the presence, at some one of their several utterances, of one or more of the following: the plaintiff, Mr. William McMullen, Arthur G. Robinson, Mrs. Helen Robertson, Philip Maxcy, Mildred I. Corkum, and a detective employed by the defendant, whose name is unknown to the plaintiff, to any one of whom the above or a substantially similar statement may have been directed.

To this count the defendant pleaded: With reference to the fifth count, the defendant admits that he said in substance that someone was going to jail and it would not be he, but he denies that he said 'The Internal Revenue Department is checking up.'

On direct examination by his own counsel, the defendant testified as to this fifth count:

Q. Did you make any statement such as this: 'The Internal Revenue is checking up and some one is going to jail and it won't be me.' Did you make that statement?
A. No, sir.
Q. What did you say?
A. I said the Internal Revenue might check up sometime and I didn't feel I ought to go to jail if I was not at fault.
Q. Did you say 'Someone is going to jail and it won't be me'?
A. Not at one sentence. I think I put the whole thing together.
Q. What is the whole thing?
A. I said 'If the Internal Revenue ever checked up on me somebody may have to go to jail.'

The foregoing (without the quoted evidence) constituted an admission of slander on the face of the record, which admission was confirmed by the plaintiff's evidence and further admission above quoted.

The pleadings (supplemented by the above quoted evidence) admitted the slander charged in the fifth count and some consequential damages for the plaintiff followed as a matter of law.

The Referees found 'that judgment should be for the defendant.'

The foregoing reveals a clear error on the part of the Referees."

According to the above quotation from plaintiff's bill of exceptions the plaintiff contends that the referees were compelled to find for the plaintiff, and that the finding for the defendant was necessarily the result of a mistake. The only difference between the first and second exception is that the pleadings only are considered in the first exception, while the above testimony of the defendant concerning the Internal Revenue is in the second exception. As the plaintiff says in the bill of exceptions,

"This pleading was an admission of the slander on the face of the records, did not require of the Referees any exercise of judgment, and obligated the Referees to make a finding on this count for the plaintiff, but the Referees, as a result of error due to oversight or accident and notwithstanding defendant's admissions, made a finding for the defendant."

Rule of Court 42, 129 Me., 519, provides that "the decision of the referee upon all questions of law and fact shall be final unless the right to except as to questions of law is especially reserved and so entered on the docket." No exceptions were here reserved and no right to except docketed. It has been long recognized in this State, that where no exceptions are reserved, and where there is no fraud, prejudice, or mistake on the part of the referee, the findings are conclusive. A "mistake," such as will authorize relief, "does not mean an error in judgment either upon facts or law, but some unintentional error as for instance in a mathematical computation." The word "mistake" is used "in

much the same connection" in statutes authorizing reviews. *Perry* v. *Ames*, 112 Me., 202, 203; *Pickering* v. *Cassidy*, 93 Me., 139; *Hagar* v. *Insurance Co.*, 63 Me., 502, 504; *Staples* v. *Littlefield*, 132 Me., 91; *Courtenay* v. *Gagne*, 141 Me., 302; *Lewiston* v. *Historical Society*, 133 Me., 77. Was there a "mistake" here? The mistake claimed, as stated in plaintiff's brief, is in "overlooking an express admission in the pleadings fixing liability and resulting damages . . . the admission, of course, included the innuendoes."

The plaintiff in argument says that when the defendant admitted in his brief statement that he had said in substance someone is going to jail and it won't be me, and "the Internal Revenue Department is checking up," it necessarily follows that the defendant, by this admission, also admitted the innuendoes claimed by the plaintiff in her declaration. The plaintiff in effect says, and so argues, that when the defendant admitted he had said certain words, alleged by the plaintiff as slanderous, this admission carried with it any and all the allegations and meanings that the plaintiff assigned to them, such as: the Revenue Department was checking the Accessory Shop; that the Accessory Shop was a partnership consisting of the defendant and one Wehrwein; that the plaintiff was a clerk there; that the checkup would show want of profits; and that any losses were due to misconduct; that therefore the plaintiff had stolen or embezzled money or other property; and that the words "someone is going to jail" were slanderous, charged a theft, and referred to plaintiff, and not to some other clerk or other person. The plaintiff further argues that the defendant's admission, that he said in substance that someone was going to jail and it would not be he, has the effect of a demurrer and is an admission of all other well-pleaded facts, and is an admission of all claimed meanings, and cites 33 Am. Jur., Sec. 251, page 233, which authority states that "a demurrer to a complaint admits all facts well pleaded." There is no demurrer, however, in this record and the docket record shows that none was ever filed.

The questions in issue here relate to the legal effect of an alleged admission that the defendant made in a brief statement, and whether the referees, in view of that admission, were bound to find for the plaintiff under this fifth count.

A declaration for slander ordinarily contains, as here, (1) the *inducement,* or statement of the alleged matter out of which the charge arose (2) the *colloquium,* or averment that the words were used concerning the plaintiff (3) and the *innuendo,* or meaning placed by the plaintiff upon the language of the defendant. 2 Greenleaf Ev. (4th Ed.) "Libel and Slander," 405; Starkie on Slander "Averments," 262; 37 C. J. "Libel and Slander," 22, Par. 328; *Patterson* v. *Wilkinson,* 55 Me., 42; *Bradburg* v. *Segal,* 121 Me., 146; *Brown* v. *Rouillard,* 117 Me., 55. The pleadings, under our practice, may in all cases be the general issue with a brief statement of special matter of defense. "The plaintiff must join a general issue." R. S. 1944, Chap. 100, Sec. 36.

A general denial is called the *general issue* because "the issue that it tenders involves the whole declaration." Stephen on Pleading (5th Ed.), 155; 2 Bouvier Law Dictionary (3d Revision), 1347. "The general issue is the plea which challenges the merits of the plaintiff's declaration." *Craven* v. *Turner,* 82 Me., 383, 388.

By his plea of the general issue the defendant here denied every material allegation in the declaration. *Improvement Co.* v. *Brown,* 77 Me., 40; Newell on Slander and Libel (3d Ed.), 788, Sec. 781 citing 2 Greenleaf Evid. (15th Ed.), 410. Taken in connection with the defendant's brief statement, every allegation was denied by the general issue except as the brief statement might be evidence of an admission of some particular fact or facts. The pleas are distinct and separate. Special matters of defense are confined to what is contained in the brief statement. *Trask* v. *Patterson,* 29 Me., 499, 501; *Washburn* v. *Moseley,* 22 Me., 160; *Taylor* v. *Robinson,* 29 Me., 323; *Nye* v. *Spencer,* 41 Me., 272; *Moore* v. *Knowles,* 65 Me., 493; *Corthell* v. *Holmes,* 87

Me., 24; *Gilman* v. *Carriage Co.*, 125 Me., 108, 113; *Advertising Co.* v. *Flagg*, 128 Me., 433, 435.

The testimony taken in this case is not before us. The writ, declaration, and specifications of the plaintiff, pleadings of the defendant, the agreement of reference, findings of referees, and plaintiff's objections are the only matters made parts of the exceptions. The Court is therefore not permitted to conjecture on what evidence may have been offered upon the one side or upon the other. It is limited to what is contained in the bill of exceptions. *Bates* v. *Cigar Co.*, 137 Me., 51; Bronson Aplt., 136 Me., 401; *Byrne* v. *Byrne*, 135 Me., 330. The findings state no facts, and are simply "that judgment should be for the defendant."

The plaintiff alleged that the defendant said "The Internal Revenue Department is checking up and someone is going to jail and it won't be me." The defendant pleaded the general issue, and in his brief statement "admits that he said in substance that someone was going to jail, and it would not be he." The defendant did not admit anything except that he said in substance certain words. He did not name any individual. It was a general statement that might refer to one or several persons. These words may or may not be slanderous, depending on proof of circumstances before the statement; and if slanderous, they may or may not be of or concerning the plaintiff, depending on the proof of other facts. Our Court has said:

"Whether or not the language set out will bear the interpretation given to it by the plaintiff, whether or not it is capable of conveying the meaning which he ascribes to it, is in such a case a question of law for the court. What meaning the words did convey to one hearing him is in such a case a question of fact for the jury." *Bradburg* v. *Segal*, 121 Me., 146, 148.

The record before us does not sustain the contentions of the plaintiff. The referees were authorized by the parties to act as court and jury, and they had the right and duty to determine,

under the terms of reference, both law and fact. This they have done by their finding for the defendant. The docket shows no exceptions reserved. There is nothing to show that the result stated is not the result intended; and nothing to show that the result does not express the careful and considered judgment of the referees as to all matters in issue. There is no "apparent mistake or unintentional error," to authorize or require a correction. *Hagar* v. *Insurance Co.*, 63 Me., 502; *Kennebec Housing* v. *Barton,* 122 Me., 374; *Kliman* v. *Dubuc,* 134 Me., 112.

*Exceptions overruled.*