**NATIONAL ADVERTISING COMPANY**

**v.**

**INHABITANTS OF the TOWN OF YORK and Maine State Highway Commission.**

Supreme Judicial Court of Maine.

Oct. 8, 1975.

---

4. The penalty is "a fine of not more than $1,000. or by imprisonment for not more than 90 days, or both."

Marden, Dubord, Bernier & Chandler by Albert L. Bernier, Waterville, for plaintiff.

Sewall, Strater & Hancock by Frank E. Hancock, York, Lester A. Olson, State of Maine, Dept. of Transportation, Augusta, for defendants.

Before DuFRESNE, C. J., and WEATHERBEE, POMEROY, WERNICK, ARCHIBALD and DELAHANTY, JJ.

WERNICK, Justice.

Plaintiff National Advertising Company has appealed from a judgment entered in the Superior Court (York County) in favor of defendants, Inhabitants of the Town of York and Maine State Highway Commission.

Because appropriate proceedings were not taken below to preserve for appellate cognizance the points plaintiff now seeks to have considered, we hold that furtherance of a sound appellate practice requires that we deny the appeal without reaching the merits of plaintiff's claims.

On March 15, 1969, defendant Town of York adopted an ordinance restricting off-premises outdoor advertising. Prior to the passage of this ordinance, on January 1, 1969, plaintiff had been issued permits by the defendant Maine State Highway Commission for the erection of three signs in York.[1] Plaintiff had also entered into contractual arrangements concerning the signs but had not erected any of the signs by the effective date of the ordinance. One sign, however, was ultimately fully erected by the plaintiff following passage of the ordinance.[2]

---

1. These permits, although subject to annual renewal, authorized the maintenance of the designated signs solely during the calendar year of 1969.

2. This sign, the so-called "Yoken's sign", is the only sign at issue in this appeal.

On January 1, 1970, pursuant to the terms of 32 M.R.S.A. § 2758,[3] the State Highway Commission refused to renew the the permits previously obtained by the plaintiff. In February, 1970, moreover, the Selectmen of the Town of York notified the plaintiff that unless the Yoken's sign (and posts for a second sign) were removed by March 1, 1970, the Town would itself arrange their removal.

Plaintiff then commenced this action seeking damages and an injunction to enjoin the Town from prohibiting the advertising signs for which the 1969 permits had been obtained and require the Highway Commission to issue "renewal permits" for 1970.

On June 25, 1970, all parties agreed to refer the case to a court-designated referee, specifically reserving the right to object to acceptance of the referee's report. On the same date a referee was appointed by the Court pursuant to Rule 53 of the Maine Rules of Civil Procedure. Pending the issuance of the referee's report, the Court granted a Temporary Restraining Order prohibiting removal of the signs and posts already erected.

On January 18, 1971, the referee filed his findings of fact and conclusions of law, rejecting plaintiff's contention that it had acquired a "vested right" in the signs in question immune from the effects of the York ordinance. Specifically, the referee reported:

"I find that plaintiff's prayers for a permanent injunction against defendant, Town of York, should be denied, and that an order requiring the defendant, State Highway Commission, to issue renewal permits, . . . should also be denied.

"I further find that judgments should be rendered for defendants, Town of York

and State Highway Commission respectively."

■ Under Rule 53 M.R.C.P. plaintiff, if dissatisfied with the referee's report had ten days "after being served with notice of the filing of the report" to tender written objections. In the instant case the referee's report was filed on January 18, 1971 and copies of the findings were on the same date issued to counsel, thereby triggering the ten day objection period. Plaintiff, however, never filed the objections contemplated by Rule 53.

■ This Court recently decided in *Adams v. Alley,* Me., 340 A.2d 201 (1975) that when a party who may wish to assert a claim of error in the report of a referee fails to object to the report within the ten day period specified by Rule 53, said party has thereby

"dissipated . . . opportunity to litigate before the Superior Court . . . [such] claim . . . ." (p. 206)

Accordingly, such party who has not filed written objections under Rule 53 must be taken to have failed adequately to preserve for appellate scrutiny, as of right, errors in the referee's report. In this respect, *Adams v. Alley, supra,* represents another concrete application of the long established principle that appellate cognizance is denied as to issues sought to be raised without compliance with governing rules calculated to promote sound appellate practice. *Reville v. Reville,* Me., 289 A.2d 695 (1972); *Younie v. State,* Me., 281 A.2d 446 (1971); *Frost v. Lucey,* Me., 231 A.2d 441 (1967).

The entry is:

Appeal denied.

All Justices concurring.

---

3. 32 M.R.S.A. § 2758 states:
   "No permit shall be granted for the erection, construction or maintenance of any outdoor advertising structure, device or display . . . in a place where the erection, construction or maintenance thereof is or shall be prohibited by any municipal ordinance or regulation; . . . ."