**Glenn E. THOMPSON, Jr., and Mary E. Thompson**

v.

**Arthur J. WILLETTE.**

Supreme Judicial Court of Maine.

March 8, 1976.

Blaisdell & Blaisdell by Malcolm S. Stevenson, Ellsworth, for plaintiffs.

Fellows, Kee & Nesbitt by Frank G. Fellows, Bucksport, for defendant.

Before DUFRESNE, C. J., and WEATHERBEE, POMEROY, WERNICK, ARCHIBALD and DELAHANTY, JJ.

ARCHIBALD, Justice.

When litigants agree to refer a case reserving the right to object to the referee's report, fail to object when the report is offered for acceptance, but seasonably appeal from a judgment based on the referee's report *claiming that the findings of the referee were "clearly erroneous,"* has the right to appellate review been properly preserved?

Plaintiffs instituted a complaint alleging trespass by the defendants, who counterclaimed alleging trespass by the plaintiffs. The decisive issue was the location of the common boundary line between their respective properties. An order of reference was issued[1] and hearing was had before the referee who found in favor of the defendants.[2] *Neither* party filed any objections to the referee's report but ultimately the defendants moved for its acceptance. A Justice of the Superior Court

---

1. Although the specific order was not included in the record before us, at oral argument it was agreed to supplement the record by the inclusion of this order, which was done. The order provided: "There is reserved to the parties the right to object to the acceptance of the report of the referee."

2. Defendant and his wife, Hazel W. Willette, owned their property as joint tenants. At hearing the parties treated Mrs. Willette as if she were a defendant in the original action and she was included as a party in the counterclaim. The Referee and the Court properly considered her as a party defendant.

accepted the report and judgments were issued in accordance with the conclusions of the referee.[3] The plaintiffs seasonably appealed from these judgments, which appeals we deny.

On January 22, 1974 (the date the instant order of reference issued), Rule 53(e)(2), M.R.C.P. provided:

"(2) *In Non-Jury Actions.* (i) In an action where there has been a reference by agreement, the referee's conclusions of law and findings of fact shall be conclusive unless the order of reference reserves to the parties the right to object to acceptance of the referee's report. If such right is so reserved, the court shall accept the referee's findings of fact unless clearly erroneous. (ii) In any other non-jury action the court shall accept the referee's findings of fact unless clearly erroneous. (iii) Except where the reference is by agreement without reservation of the right to object, any party may within 10 days after being served with notice of the filing of the report, serve written objections thereto upon the other parties. . . ."

Prior to the 1959 adoption of the Maine Rules of Civil Procedure, Rule 21 of the Revised Rules of the Supreme Judicial and Superior Courts provided:

"Objections to any report offered to the court for acceptance shall be made in writing and filed with the clerk and shall set forth specifically the grounds of the objections, and these only shall be considered by the court."

Under this rule, where no objections were filed to the report of a referee, a decision accepting the report became final and not subject to review by exceptions, *absent fraud, prejudice or mistake.* *McMullen v. Corkum, and Trustees,* 142 Me. 393, 53 A.2d 699 (1947); *Staples v. Littlefield,* 132 Me. 91, 167 A. 171 (1933). The established method of reviewing a judgment founded upon a referee's report was by exceptions, and where the right to object had not been reserved or where no objections had been seasonably filed, the Maine Court uniformly overruled the exceptions. Under either circumstance the Court refused to intervene whether the claim was that the report of the referee was factually erroneous or founded on an erroneous concept of law. If the right to object had not been reserved, review was strictly limited to situations demonstrating either fraud, prejudice or mistake and, even in those circumstances, objections to the report asserting such claims were required to be filed. As former Chief Justice Pattangall put it so clearly:

"When cases are referred without conditions or limitations, referees are final judges of both fact and law, in the absence of fraud, prejudice or mistake, and objections to their findings based on these grounds must be filed in writing before their report is accepted to entitle the aggrieved party to a hearing before this court."

*Staples v. Littlefield,* 132 Me. at 92, 167 A. at 171.[4]

It thus becomes clear under the pre-existing practice that the failure to object

3. On the complaint, judgment was entered for the defendants; on the counterclaim judgment was entered for the "counter claimants referred in the Referee's Report at all times as Defendants."

4. The facts in *Staples* were strikingly similar to those here presented to the referee. If the right to appellate review had been properly reserved, we could well have adopted the language found in *Staples,* namely:

"The evidence bearing upon this point was voluminous and conflicting. Regardless of the result which this court might reach were the case before us on report, it is sufficient under the circumstances that the responsibility of deciding the controversy was, by voluntary act of the parties, placed upon the referees who decided it, not without evidence but we assume in accordance with their best judgment after considering all of the evidence. We are without authority to reverse their decision." 132 Me. at 94, 167 A. at 172.

seasonably to the acceptance of a referee's report, for whatever reason, was a complete waiver of the right to appellate review by exceptions.

We now turn to the problem of whether the adoption of Rule 53(e)(2) should allow a more liberal appellate review than that which had theretofore existed. We respond in the negative. The adoption of Rule 53(e)(2) did not vitiate the former practice under Rule 21. *Ingham v. Tzikas*, 320 A.2d 665 (Me.1974); *see also Cunningham v. Cunningham*, 314 A.2d 834 (Me.1974). The difference in language between the old and the new rule could be characterized as "distinctions without a difference." *See* Field, McKusick & Wroth, Maine Civil Practice (2d ed.), Reporter's Notes at 695.

The foregoing conclusion is borne out by our decisions following the 1959 adoption of the Maine Rules of Civil Procedure. *National Advertising Co. v. Inhabitants of York*, 345 A.2d 512 (Me.1975); *Ingham v. Tzikas, supra; Adams v. Alley*, 308 A.2d 568 (Me.1973), furnish us with a trilogy leading to and logically supporting the result which we have reached.

In *Adams*, where the right to object to the acceptance of a referee's report had been reserved but not exercised, we indicated that this omission eliminated any need for notice or hearing on the acceptance of the report, although we concluded that the mere acceptance of a report would not result in an appealable judgment. We find no indication in *Adams* of an intent to deviate from prior concepts relating to the use of referees when the parties have agreed to submit their differences to such a tribunal.

In *Ingham* we were faced with the finality of a judgment based on a referee's report where the right to object had not been reserved and where the parties had agreed that "the report of the Referee shall be final and conclusive." Our conclusion that such a judgment was not appealable was entirely consistent with the result that would have been attained under former Rule 21.

In *National Advertising*, although the right to object to the referee's report was reserved, it was not utilized and we held:

> "[S]uch party who has not filed written objections under Rule 53 must be taken to have failed adequately to preserve for appellate scrutiny, *as of right*, errors in the referee's report." (Emphasis supplied.)

345 A.2d at 514.

In the instant case, unlike any of the preceding, the appellants founded their claim of the right to appellate review on the argument that the referee's report was "clearly erroneous," despite the fact that they failed to file any objections to the report. We view the premise of this argument as fundamentally defective. The decisions under former Rule 21 and our approach to Rule 53(e)(2) premised the right to claim clear error upon seasonable and specific objections being filed to the referee's report. Appellate review, therefore, "as of right," must be limited to those situations where objections have been seasonably filed, either pointing to the erroneous conclusions of the referee, or claiming with specificity fraud, prejudice, or mistake. On the facts before us, therefore, the failure to serve written objections to the report in compliance with the rule was a fatal omission in terms of preserving any issue for appellate review.[5]

---

5. We are not compelled to decide under what conditions, if any, the judgment issued on such a report could become subject to relief under Rule 60(b), M.R.C.P.:

"(b) *Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc.* On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered

We see no harshness in the result we have reached. The reasons enunciated in *Mount Desert Yacht Yard, Inc. v. Phillips*, 348 A.2d 16, 21 (Me.1975), are appropriate, namely:

"Litigants are under no compunction to adopt the forum of a reference to adjudicate their respective rights. However, having agreed to an adjudication before a referee, there is no valid reason to treat their appellate rights in the same manner that is applicable to judgments rendered as the result of either a jury or a jury-waived trial. We adopt the language of Mr. Justice Thaxter which is applicable, namely:

'The parties have selected their own tribunal to try this case, and under such circumstances are held to a strict compliance with the provisions of the statutes and of the rules of court governing the procedure authorized in such instances.' *Throumoulos v. Bank of Biddeford*, 132 Me. 232, 233, 169 A. 307 (1933)."

The entry is:

Appeal denied.

All Justices concurring.

---

evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. . . ."