**Donald O. SMITH**

v.

**Robert M. TONGE.**

Supreme Judicial Court of Maine.

July 26, 1976.

*Fund American Insurance Companies*, Me., 358 A.2d 531 (76).

Locke, Campbell & Chapman by Joseph B. Campbell, Augusta, for plaintiff.

Weeks, Hutchins, Frye & Welch by Miles P. Frye, Waterville, for defendant.

Before DUFRESNE, C. J., and WEATHERBEE, WERNICK ·and ARCHIBALD, JJ.

WERNICK, Justice.

Defendant Robert M. Tonge appeals from a judgment entered in the Superior Court (Kennebec County) in favor of plaintiff Donald O. Smith.

For reasons hereinafter more fully explained, we dismiss the appeal.

Plaintiff commenced a civil action against defendant on April 4, 1974 seeking dissolution of a partnership between them and also an accounting. Defendant answered and filed a counterclaim for dissolution of the partnership and an accounting. On September 17, 1974 the parties agreed to a reference, each reserving the right to object to acceptance of the referee's report (Rule 53(e)(2) M.R.C.P.) The report of the referee, filed on April 15, 1975, recommended dissolution of the partnership, entry of judgment for the plaintiff in the amount of $79,586.00 and dismissal of the counterclaim of defendant.

On the same day, copies of the referee's report were mailed to the parties. Twenty days thereafter on May 5, 1975, defendant filed his objections to the acceptance of the report of the referee.

On May 7, 1975, the Justice then presiding in the Superior Court overruled defendant's objections to the acceptance of the report of the referee, accepted the report and directed entry of judgment in accordance with the recommendations of the report.

Since the record reveals that defendant failed to file his objections to the acceptance of the referee's report within the ten day period prescribed by Rule 53(e)(2)(iii), we face a threshold question whether defendant is entitled to this Court's appellate review of the Superior Court judgment entered upon the report of the referee.

In *Thompson v. Willette*, Me., 353 A.2d 176 (1976) we held that the failure of a party to comply with the requirements of Rule 53(e)(2)(iii) is

". . . a fatal omission in terms of preserving any issue for appellate review." (p. 179)

Defendant seeks to deny *Thompson v. Willette* precedential force, here, by asserting that in the instant situation objections to the acceptance of the referee's report were in fact filed, even though unreasonably, and the Justice of the Superior Court ruled upon their merits (overruling them), whereas in *Thompson v. Willette* objections to the acceptance of the report of the referee had never been filed in the Superior Court.

This distinction of fact, however, warrants no difference in legal result. The rationale of *Thompson v. Willette* is that Rule 53(e)(2) was calculated to continue without change antecedent practice under which

". . . the failure to *object seasonably* to the acceptance of a referee's report, for whatever reason, was a *complete waiver* of the right to appellate review . . . ." (pp. 178, 179) (emphasis supplied)

Since in *Thompson v. Willette* the claim asserted at the appellate level was that the report of the referee in question was "clear error", our decision in that case,

based on the principle of "complete waiver" of a right to appellate review, constituted a definitive denial of the existence of a "manifest error-serious injustice" exception in relation to this Court's appellate review of judgments entered as to reports of referees.[1]

Thus, the true precedential thrust of *Thompson v. Willette* is that a party's failure to file objections to the acceptance of the report of a referee within the time prescribed in Rule 53(e)(2)(iii), by operating as a *"complete waiver* of the right to appellate review" (p. 179) (emphasis supplied), places such defaulting party in the same legal posture as a party to a reference who has omitted to reserve

"the right to object to acceptance of the referee's report,"

in consequence of which, under Rule 53(e)(2)(i),

"the referee's conclusions of law . . . [become] *conclusive."* (emphasis supplied)

Accordingly, since defendant had failed to file objections to the acceptance of the referee's report within the requisite ten day period, in legal contemplation defendant was in the equivalent position of one who had failed to reserve the right to object; the report of the referee had become "conclusive" as to defendant. This being so, it is here immaterial that the presiding Justice in fact ruled upon the merits of the objections unseasonably filed by defendant. The report of the referee having become

*"conclusive"* upon the defendant, it was beyond the power of the Justice of the Superior Court to affect it by acting as he did.[2]

The entry is:

*Appeal dismissed.*

All Justices concurring.

WEATHERBEE, J., sat at argument and participated in consultation, but died before the opinion was adopted.

POMEROY and DELAHANTY, JJ., did not sit.

---

1. *Thompson v. Willette* closed the door which *Adams v. Alley,* Me., 340 A.2d 201 (1975) had left slightly ajar by a dictum that when objections to acceptance of a referee's report are not seasonably filed,

   " . . . the reference may be subject to a [Law Court] review limited in scope, . . . based on . . . [the Law Court's] inherent prerogative to cure manifest error." (p. 205)

2. In *Thompson v. Willette,* we left unresolved the question:

   " . . . under what conditions, if any, the judgment issued on . . . a report [which had become conclusive because of a failure to file timely objection to its ac-

ceptance] could become subject to relief under Rule 60(b), M.R.C.P." (n. 5 at p. 179)

Similarly, in the case at bar we have no occasion to reach this question. It is here plain in the record that in ruling on defendant's late-filed objections, the Justice presiding in the Superior Court was not purporting to act under Rule 60(b) to investigate and determine whether there here existed any of the reasons specified in Rule 60(b) as the grounds to relieve a party from a final judgment. It appears, rather, that the presiding Justice simply overlooked that defendant's objections were unseasonably filed.