Anthony J. SALAMONE

v.

### CITY OF PORTLAND, Maine and John E. Menario.

Supreme Judicial Court of Maine.

Feb. 28, 1979.

Lowry & Platt by Phyllis G. Givertz (orally), Donald Grey Lowry, Portland, for plaintiff.

James J. Purcell, Asst. Corp. Counsel (orally), William J. O'Brien, Jr., Corp. Counsel, Portland, for defendants.

Before McKUSICK, C. J., and POMEROY, WERNICK, ARCHIBALD, DELAHANTY, GODFREY and NICHOLS, JJ.

POMEROY, Justice.

On September 9, 1973 appellant Anthony J. Salamone received an original appointment to the Portland Fire Department from John E. Menario, then Portland City Manager. According to the City's Civil Service Ordinance [1] hereinafter "*the ordinance*"), appellant's appointment entitled him to serve for a working test period of one year, commencing upon appointment, unless the appointing authority (appellee Menario) should at any time during such period reject him "*for cause*" stated in writing to the Civil Service Commission.

On September 6, 1974, appellee Menario notified the chairman of Portland's Civil Service Commission that he had accepted the recommendation of the Portland Fire Department's Chief that appellant be released from service prior to his first anniversary date, and that appellant's employment would therefore be terminated as of 8:00 a. m. on September 8, 1974.[2] Appellant was also advised of this decision on September 6, by letter from Portland's Fire Chief.

By letter of September 12, 1974 to appellee Menario, appellant's attorney requested that the City Manager "*reconsider the ter-mination action*", and that appellant be given "*an opportunity to be heard so that [he] might . . . vindicate himself.*" Thereafter, on November 8, 1974 appellee Menario presided over a hearing on the question of the termination of appellant's employment. Following this hearing, Menario advised appellant of his decision that appellant's position with the City should be terminated and that he should not be afforded permanent status in the Fire Department.

Following an effort by appellant's counsel to secure review by the Civil Service Commission of the decision,[3] appellant filed a complaint in the Superior Court, Cumberland County, alleging that the Manager had erred in determining that the rejection was "*for cause*" and that the hearing violated his right to due process of law in that the trier of fact was the same person who had initially rejected him "*for cause.*"

On December 3, 1976 a motion for summary judgment by appellees was made and granted. Judgment was entered thereon by order of May 19, 1977, entered May 23, 1977.[4] Appellant now brings this timely appeal.

We deny the appeal.

1. Portland, Me., *Municipal Code*, ch. 201, R. IX. 5.

2. Appellant was originally appointed on September 9, 1973; his employment was terminated as of 8 a. m., September 8, 1974. Appellant maintains that since his employment was terminated prior to the one-year anniversary of his appointment, the manager's action is controlled by Section 5 of the ordinance. This section of the ordinance permits the termination of employment during the one-year probationary period only "*for cause*".

   The appellee argues that the City Manager's action constituted only notice that it had been determined that Salamone was not to receive a permanent appointment.

   In view of the time sequence of events, appellant argues the termination of September 8, 1974 was less than one year from the effective date of probationary appointment. *See* M.R. Civ.P. Rule 6(a). We find it unnecessary to resolve the issues thus raised because a hearing was in fact held. We intimate no opinion as to whether action taken under Section 5 of the ordinance or action taken under Section 6 of the ordinance *requires* a hearing.

3. Counsel sought to have the Commission review Menario's decision, though no explicit statutory authorization therefor existed, on the ground that since the ordinance required the Manager, upon rejection of an employee, to notify the Commission in writing of the cause, the Commission was implicitly empowered to review the case. Otherwise, it was argued, the ordinance would require the Manager to perform "*a useless act, merely reporting to the Commission.*"

   The Commission did not respond. Our resolution of this appeal does not require us to formulate or express any opinion as to the merits of this interpretation of the ordinance.

4. Earlier, on February 3, 1975, a motion to dismiss under M.R.Civ.P. Rule 12(b)(6) by appellee had been denied; a motion by appellant to join John E. Menario as a party defendant had been granted on February 4, 1975.

   Appellees' December 3, 1976 summary judgment motion was argued together with their motion to dismiss under Rules 12(b)(1) and 12(b)(6), and with appellant's motion for summary judgment.

Rule 56(c) of the Maine Rules of Civil Procedure provides that upon proper motion

*Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to judgment as a matter of law.*

In 2 Field, McKusick & Wroth, *Maine Civil Practice,* § 56.1 (1970), the authors observe that

*[o]ften the disagreement between the [opposing] parties concerns the rule of law applicable to facts as to which there is no dispute. In such a situation the summary judgment procedure may eliminate a needless and expensive trial.*

In the instant case, the presiding Justice properly determined that no genuine issue as to any material fact existed: the sequence of events leading to both the initial decision to terminate appellant's employment and the subsequent hearing and decision was and is undisputed. There remains for review only the question of the correctness of the Court's application of law to these facts.

In his letter of September 12, 1974 to City Manager Menario, appellant's attorney seemingly requested Menario to conduct a hearing:

*At this point, Mr. Salamone simply asks for a chance to be heard and confront those who have asserted the cause for his dismissal.*

*I respectfully request that you reconsider the termination action.* (Emphasis supplied)

■ While this letter might be less than conclusive evidence of appellant's desire to have Menario *preside at* the reconsideration hearing, that inference is buttressed by appellant's failure to answer appellee's Request for Admissions.[5] The Request contended that prior to the hearing appellant's counsel both knew and agreed that Menario would conduct the hearing, and further that counsel never objected to Menario presiding at the hearing at any time either prior to or during it. This Request was not answered; accordingly, those facts are deemed admitted.[6]

We conclude that, assuming *arguendo* an otherwise cognizable claim that City Manager Menario should have recused himself, the right cannot now be asserted.

■ As we have repeatedly said in numerous circumstances, appellate cognizance will normally be denied to issues sought to be raised without compliance with governing rules calculated to promote sound appellate practice. *National Advertising Co. v. Inhabitants of Town of York,* Me., 345 A.2d 512 (1975). This rule controls even where the belatedly raised issue involves an alleged constitutional violation. *Maine Real Estate Commission v. Kelby,* Me., 360 A.2d 528, 530 (1976).

In the instant case, appellant did not voice any objection to Menario presiding at the hearing *until after* that hearing was completed and the decision reaffirmed. As to this issue, we see no reason to retreat from our usual stance that "[a]n issue raised for the first time at the appellate stage will be denied cognizance in the appellate review of the case." *Walsh v. City of Brewer,* Me., 315 A.2d 200, 209 (1974).

In light of this procedural history, appellant must be deemed to have lost his right to be heard in this Court as to any objection to City Manager Menario presiding over the hearing at which the termination action was reconsidered. No other objection to summary judgment appearing, the judgment of the Superior Court is affirmed.

The entry is:

Appeal denied.

Judgment affirmed.

---

**5.** *See* M.R.Civ.P., Rule 36(a).

**6.** *See,* Field, McKusick & Wroth, *Maine Civil Practice,* § 36.3, n. 15 (1970).