**Lloyd FARRANDS et ux.**

v.

**Marie MELANSON.**

Supreme Judicial Court of Maine.

Argued Nov. 9, 1981.

Decided Dec. 31, 1981.

David J. Fletcher (orally), Calais, for plaintiffs.

Silsby & Silsby, Raymond L. Williams (orally), William S. Silsby, Jr., Ellsworth, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, CARTER, VIOLETTE and WATHEN, JJ.

NICHOLS, Justice.

This appeal raises an issue, novel in our jurisdiction, as to the proof required before a plaintiff can prevail in a real action.

Here the Plaintiffs, Lloyd Farrands and Elaine Farrands, appeal from the entry of judgment for the Defendant, Marie Melanson, after a jury-waived trial in the Superior Court (Washington County) in this real property dispute. The Plaintiffs contend that the Defendant's failure to answer requests for admissions made these facts conclusive evidence against her at trial and that they need only present their deed to establish a prima facie case under 14 M.R. S.A. § 6701 (1980)[1] sufficient to shift the burden of proof of superior title to the Defendant.

We deny the appeal.

The Plaintiffs bought property in Princeton, Maine, in 1974, their warranty deed describing this property as:

> The west half of Lot No. 5 as described by the survey of Adison Dodge, containing fifty (50) acres, more or less.

> Excepting a parcel of land containing $\frac{1}{16}$ acre occupied by Marie Melanson situated by land of Wayne Roberts.

---

**1.** The statute provides:

Any estate in fee simple, in fee tail, for life or for any term of years may be recovered by a real action.

When they bought the land, most of which was unimproved, the Plaintiffs knew that Mrs. Melanson "was on the property" somewhere. The Defendant bought her small lot from the Town of Princeton in 1959, the quit-claim deed, which the Town gave Mrs. Melanson in 1969, describing her property as:

> Bounded on the North by land of Harold Williams; Bounded on the East by land of Milton Roberts; Bounded on the South by West Street; Bounded on the West by land of Harold Williams. Containing ⅟₁₆ acre, more or less.

The Town had claimed title to this small lot as a result of the failure of a prior occupant to pay taxes; the record is silent as to whether that occupant ever had title to the premises.

The Defendant built a home on the small lot in 1959. She recorded her quit-claim deed shortly after the Plaintiffs' purchase in 1974. It was on March 26, 1979, approximately two years after this action was commenced, that the Defendant filed notice in the Washington County Registry of Deeds that under 33 M.R.S.A. § 201–B(2) she claimed a lot 200 feet by 300 feet, somewhat more than an acre.[2]

The Plaintiffs served a request for fifteen admissions on the Defendant on November 9, 1978. No answer to the request was ever filed. At trial on September 24, 1980, the Plaintiffs rested their case after introducing the deeds in their chain of title and the testimony of Lloyd Farrands and Marie Melanson. The Defendant then moved for a directed verdict[3] on the grounds that the Plaintiffs had not proved title and her motion was granted. Following entry of judgment, the Plaintiffs filed a timely request for further findings under M.R.Civ.P. 52(a), specifically asking for a ruling on the legal effect of the unanswered requests for admissions. After expressly finding that the Plaintiffs had failed to establish their boundaries, the Superior Court denied this motion and the Plaintiffs' subsequent motion for a new trial. This appeal followed.

■ The Plaintiffs contend that the fifteen points raised in their request for admissions, to which the Defendant never responded, must be taken as facts admitted. M.R.Civ.P. 36. They further contend that the same facts established title in the Plaintiffs. It is true that following a failure to answer a request for admissions, the facts in the request are deemed admitted. *Salamone v. City of Portland*, Me., 398 A.2d 49, 51 (1979). The Plaintiffs, however, failed to introduce these facts, so admitted, into evidence at trial, nor were they even mentioned in the Plaintiffs' pre-trial memorandum. At oral argument, counsel for the Plaintiffs conceded this issue. We note that M.R.Civ.P. 36 is identical to Federal Rule of Civil Procedure 36 on this point. Field, McKusick & Wroth, *Maine Civil Practice* § 36.6 (Supp.1981). Under the federal rule, a party wishing to rely on admissions must place them in evidence during the presentation of its case. Failure to do so is tantamount to a waiver. *Avant Incorporated v. Polaroid Corporation*, 441 F.Supp. 898, 900 (D.Mass.1977), *aff'd* 572 F.2d 889, 892 (1st Cir. 1978). *See also* 8 C. Wright & A. Miller, *Federal Practice and Procedure* § 2264 (1970 & Supp. 1979).

---

**2.** The statute provides in pertinent part:

1. ... [A] person claiming such existing right, if any, shall have recorded in the registry of deeds for the county or district thereof in which the land is located the following:

    A. The notice provided in subsection 2, and the deed or other instrument ... under which he claims ...

    &ast; &ast; &ast; &ast; &ast; &ast;

2. In order for the notice specified in subsection 1 to be effective, it shall contain an adequate description of the property in which the right, title or interest is claimed; a reference to the deed or other instrument on which the claim is based; the name of the current record owner of the property; a specific reference by date of recording and by volume and page numbers to the recorded deed or other instrument containing the exception, reservation or recital; and shall be duly verified by oath taken by any person authorized to perform notarial acts.

**3.** Because this was a jury-waived trial, the appropriate motion was for involuntary dismissal, not for a directed verdict. However, this error is not substantial. *See* Field, McKusick & Wroth, *Maine Civil Practice* § 41.7 (2d ed. 1970).

On this appeal, the Plaintiffs' primary claim is that, by presenting their warranty deed into evidence, they established prima facie evidence of title, thereby shifting the burden of proof to the Defendant. The trial court's dismissal after the Plaintiffs rested their case would, therefore, be improper.

At common law the predecessor of the real actions which are now brought under 14 M.R.S.A. § 6701 and M.R.Civ.P. 80A was a writ of entry.[4] In an action on a writ of entry, a warranty deed was regarded as prima facie evidence of title sufficient to support a verdict for the plaintiff if the defendant did not prove superior title. *E.g., Rand v. Skillin*, 63 Me. 103 (1873); *Bruce v. Mitchell*, 39 Me. 390 (1855); *Blethen v. Dwinel*, 34 Me. 133 (1852). In most of these cases, however, the parties claimed the same reality. In the case *sub judice* the parties by their pleadings make it clear that they do not claim the same piece of property; they each claim an unidentified part of what the other claims to own. In early writ of entry cases the defendant's possession was considered prima facie evidence of a lawful occupancy founded on title. *Wyman v. Brown*, 50 Me. 139 (1863). The Defendant was in possession of the property she claims, as the parties stipulated at trial.

Under these circumstances, it becomes apparent that a boundary must be established before title can be decided. *Rusha v. Little*, Me., 309 A.2d 867 (1973). "The defendant's claim that his land extends to the . . . line described in his deed is well founded but where that line is located determines the extent of his right of recovery under his writ." *Hardison v. Jordan*, 142 Me. 279, 283, 50 A.2d 447, 449 (1946). Here, the Plaintiffs presented no evidence as to where within their 50-acre parcel the 1/16 acre of the Defendant was located or as to what part of that 50 acres she was occupying beyond the area to which she was entitled. By their pleading they did not claim title to her 1/16 acre. Therefore, the location of the boundary line between their property

and that of the Defendant's is "a subordinate issue to the necessary underlying issue of title." *Blance v. Alley*, Me., 330 A.2d 796, 800 (1975). In *Blance*, a claim of title based on deeds was held not to be proved because the deeds "in no way fix any sufficiently identifiable location on the face of the earth to relate the property described in those deeds to the disputed area." *Id.* at 799. *See also Boynton v. Adams*, Me., 331 A.2d 370 (1975).

In an action brought under 14 M.R.S.A. § 6701, where the description of the disputed property in the deed is sufficient to allow the property to be located upon the face of the earth and all of the property so described is claimed by both parties, the plaintiff's presentation of a warranty deed may well be sufficient prima facie evidence of title to avoid entry of judgment against him. That is not the case presented here, and we, therefore, have no reason to consider the continued validity of the writ of entry cases decided before section 6701 was enacted. We hold only that, on the facts of this case, the Plaintiffs did not carry their burden of proof through the presentation of the deeds in their chain of title. The parcel excepted in the most recent deed could not be located on the face of the earth, based on the evidence presented by the Plaintiffs. Therefore, the boundaries of the property claimed by the Plaintiffs could not be established.

The entry is:

Appeal denied.

Judgment affirmed.

All concurring.

<hr />

4. For a thorough analysis of the history of section 6701 and the writ of entry, see "Maine's Actions to Try Title: A Historical Perspective," 32 *Maine L.Rev.* 355 (1980).