2010 ME 110

**BAR HARBOR HOUSING AUTHORITY**

v.

**Estate of Theodore STAPLES.**

Supreme Judicial Court of Maine.

Argued: May 19, 2010.

Decided: Nov. 2, 2010.

William N. Ferm, Esq. (orally), William N. Ferm Law Office, Ellsworth, ME, for the Estate of Theodore Staples.

Roger J. Katz, Esq. (orally), Karen E. Boston, Esq., Lipman, Katz & McKee, P.A., Augusta, ME, for the Bar Harbor Housing Authority.

Panel: SAUFLEY, C.J., and LEVY, MEAD, GORMAN, and JABAR, JJ.

SAUFLEY, C.J.

[¶ 1] In this appeal, the Estate of Theodore Staples contends that the referee erred by allowing the Bar Harbor Housing Authority to take less than a fee simple interest in the land when exercising eminent domain power pursuant to 30–A M.R.S. §§ 4746 and 5108 (2009), and by awarding no damages for the taking. As a threshold matter, because of the unusual procedural posture in which the presiding

Superior Court Justice (Hancock County, *Cuddy, J.*) served as referee, we must examine whether the procedures followed by the parties and the court have resulted in a decision that is ripe for our review. *See* M.R. Civ. P. 53. We conclude that they have not, and we remand the case to the trial court for the filing of objections pursuant to Rule 53.

## I. FACTUAL AND PROCEDURAL BACKGROUND

[¶2] The Bar Harbor Housing Authority initiated an eminent domain action against the Estate of Theodore Staples seeking to lift a deed restriction, which, it contended, could impede road improvements needed for access to a planned housing development. The Estate contested the taking by filing a complaint for an assessment of damages pursuant to section 5108(6). The parties agreed that the trial court justice would serve as the referee in the case. The referee determined that (1) the applicable eminent domain statutes authorized the Housing Authority to take the potential restriction on the use of the right

of way to provide access to the planned development, and (2) the Estate suffered no damages by the taking. The Estate filed a motion for additional findings of fact and conclusions of law, which the referee denied. The Estate then filed this appeal.

## II. DISCUSSION

[¶3] The procedure for resolution of this eminent domain dispute is set forth in 30–A M.R.S. § 5108.[1] That statute provides that a party aggrieved by the exercise of eminent domain may "apply by complaint to the Superior Court in the county, setting forth the taking of the real property and *praying for an assessment of damages by a jury or, by agreement of the parties, a referee or referees appointed by the court.*" *Id.* § 5108(6) (emphasis added). The parties here agreed that the Superior Court Justice presiding over the case would serve as referee to resolve the issues in the matter. Accordingly, the case is governed by M.R. Civ. P. 53.[2]

[¶4] Pursuant to Rule 53, "The referee shall prepare a report upon the

---

1. The statute provides in relevant part:
   **6. Complaint to Superior Court; trial.** Any owner of any real property taken under this section, who cannot agree with the authority on the price of the real property in which the owner is interested, within 3 months after personal notice of the taking or, if the owner has no personal notice, may within one year from the first publication of the copy of the resolution and statement under subsection 4, apply by complaint to the Superior Court in the county, setting forth the taking of the real property and *praying for an assessment of damages by a jury or, by agreement of the parties, a referee or referees appointed by the court.*
   30–A M.R.S. § 5108 (2009) (emphasis added).

2. M.R. Civ. P. 53(e)(2) provides:
   In an action where there has been a reference by agreement, the referee's conclusions of law and findings of fact shall be subject to the right of the parties to object to acceptance of the referee's report. On

waiver by all parties of the right to object to acceptance of the referee's report, the court shall forthwith enter judgment on the referee's report. Except where such waiver occurs, any party may within 10 days after being served with notice of the filing of the report serve written objections upon the other parties. Application to the court for action upon the report and upon objections thereto, if any have been served, shall be by motion and upon notice as prescribed in Rule 7(b). The court shall adopt the referee's findings of fact unless clearly erroneous. Except as otherwise provided in this paragraph (2), the court after hearing may adopt the report or may modify it or may reject it in whole or in part or may receive further evidence or may recommit it with instructions. If no objections have been timely filed, the court shall forthwith enter judgment on the referee's report.

matters submitted to the referee by the order of reference and, if required to make findings of fact and conclusions of law, the referee shall set them forth in the report." M.R. Civ. P. 53(e)(1). If a party asserts error in the referee's findings or conclusions, the asserted error must be identified and presented to the court through an objection for final adjudication. *See* M.R. Civ. P. 53(e)(2); *Smith v. Tonge*, 361 A.2d 254, 255–56 & n. 1 (Me.1976); *see also Wendward Corp. v. Group Design, Inc.*, 428 A.2d 57, 58–59 (Me.1981). This process allows the parties and the court to identify any issues that may need correction, clarification, or further legal analysis. By presenting the objections to the court, the parties may address errors or misunderstandings quickly and without the expense of an appeal.

[2–4] [¶ 5] Once the court has addressed the objections and entered a judgment, a party who raised objections may seek appellate review of those issues. *See Wendward Corp.*, 428 A.2d at 58–59. Thus, an appeal from a referee's report will not be entertained unless a proper objection to that aspect of the report has been made in the court that appointed the referee. *Smith*, 361 A.2d at 255–56 & n. 1; *see Wendward Corp.*, 428 A.2d at 58–59; 1 Field, McKusick & Wroth, *Maine Civil Practice* § 53.4 at 338–42 (Supp.1981). As with other areas of law, an objection is ultimately necessary to preserve specific arguments for consideration on appeal. *See Wendward Corp.*, 428 A.2d at 58–59; 1

Field, McKusick & Wroth § 53.4 at 338–42.

[¶ 6] Moreover, Rule 53 authorizes review of objections *by the court*, with the clear implication being that the appointed referee is an arbiter *different from* the court. Having the presiding judge act as referee is cumbersome at best because the parties are entitled to have the referee's report reviewed by a different Superior Court Justice who is not the referee.

[¶ 7] That did not occur here. Instead, the parties treated the decision of the referee as it if were a decision issued by a trial judge following a bench trial; the Estate filed a motion for additional findings of fact and conclusions of law but failed to file objections to the referee's report. Although the parties, having waived trial by jury, could likely have obtained a bench trial instead of adjudication by a referee, *see* M.R. Civ. P. 39(b), that is not the process to which the parties and the court agreed. Objections to a referee's report must be decided by a justice who has not heard the testimony nor been given the opportunity to appraise credibility of witnesses. *Cf. Mount Desert Yacht Yard, Inc. v. Phillips*, 348 A.2d 16, 20 (Me.1975) (noting the difference between a motion for a new trial and objections to a referee's report). That justice "shall adopt the referee's findings of fact unless clearly erroneous" and "after hearing may adopt the report or may modify it or may reject it in whole or in part or may receive further evidence or may recommit it with instructions." [3] M.R. Civ. P. 53(e)(2).

---

**3.** To be clear, the filing of objections with the court does not provide an opportunity for a new trial; rather, it is a means for a party to identify errors, for the court to correct those errors if so persuaded, and potentially for the parties to avoid the need for appellate review. *See* M.R. Civ. P. 53(e)(2). Any objections must be supported by legal argument with citations and precise references to items in the record. *See* 1 Field, McKusick & Wroth, *Maine Civil Practice* § 53.4 at 339–40 (Supp. 1981); *Adams v. Alley*, 308 A.2d 568, 570–71 (Me.1973) (opinion on remand, *Adams v. Alley*, 340 A.2d 201 (Me.1975), overruled in part on other grounds as stated in *Smith v. Tonge*, 361 A.2d 254, 256 n. 1 (Me.1976)); *see also Thompson v. Willette*, 353 A.2d 176, 179 (Me. 1976).

[¶ 8]   Here, the referee issued a decision in which it resolved a question of law in favor of the Housing Authority and assessed no damages owed to the landowner.   Because the parties agreed to the appointment of a referee, it was incumbent upon the Estate to file objections to the referee's report to preserve issues for appellate review and for a trial justice who did not act as referee to rule on those objections.

[¶ 9]   Although we would ordinarily dismiss the appeal for failure to preserve objections for appeal, we recognize the unique nature of the eminent domain statute and the potential for confusion under these circumstances, where the trial court acquiesced in his appointment as referee. We therefore remand to the trial court for the parties to make any specific objections pursuant to Rule 53 and for the objections to be ruled upon by a Superior Court Justice different from the referee.

The entry is:

Judgment vacated and remanded to be treated as a referee's report in further proceedings in the Superior Court, consistent with M.R. Civ. P. 53 and this opinion.